Mrs. Marjorie De Hart appeals from a judgment dismissing on exception of no cause of action her suit against Roger T. Caplinger, doing business as the Lafitte Coffee House, and his public liability insurer, the Travelers Insurance Company.
The plaintiff's petition in substance alleges that on July 4th, 1941, at about the hour of 6:30 a.m., plaintiff entered the cafe and bar owned by the defendant Caplinger and situated at 941 Bourbon Street in this City, for the purpose of drinking a cup of coffee. That while the plaintiff was seated at a counter in the cafe, she was assaulted, without cause or provocation, by another patron, one Maritza Massich, who had entered the cafe a short while before and who was apparently intoxicated. According to plaintiff's averments, Maritza Massich picked up a drinking glass from the counter, broke off a piece of the glass by striking it against a brick forge situated near the end of the counter at which the plaintiff was seated, and then proceeded to slash plaintiff across the face with the fragment of broken glass, inflicting a deep and painful wound.
Plaintiff alleges that the defendant, Caplinger, negligently failed and neglected to afford or provide her protection from such an assault and injury as charged; that neither the proprietor, Caplinger, nor any *Page 598 
one else representing him, was present in the place at the time of the attack; that defendant's conduct in leaving his cafe without anyone in charge and without any protection for his patrons against violence, constituted gross negligence, for which defendant and his insurer are liable in damages.
The exception of no cause of action is grounded on the theory that the allegations of ultimate fact contained in plaintiff's petition do not affirmatively show actionable negligence on the part of the defendant Caplinger, and that the sole and proximate cause of the damage alleged was an assault by a third person, for whose action defendants cannot be held legally responsible. In support of the exception counsel for exceptors contend that plaintiff's reliance upon the bare averment that Caplinger temporarily absented himself from his cafe without any delegated representative present, is of itself legally insufficient, and that plaintiff's failure to have affirmatively averred knowledge on the part of Caplinger that Maritza Massich was a person of violent or vicious propensities or that the said defendant proprietor, on temporarily absenting himself from the cafe, could have reasonably anticipated, or naturally expected the perpetration of the unprovoked assault complained of, is fatal.
It cannot be disputed that the proprietor of any public house of entertainment, as a result of an implied contract, though not an insurer of the safety of his guests, owes the duty to exercise reasonable care to protect them, both in person and property, from injury at the hands of a fellow guest or guests.
This principle of law governing innkeepers and other like public places is laid down in 14 Ruling Case Law, page 508, as follows:
"* * * A proprietor of any public house of entertainment may be answerable for the act of one of his patrons as well as of his servant. He owes a duty to those that come to his place to protect them from insult and other annoyances or dangers. But by the great preponderance of authority, this duty is not absolute but is limited to the exercise of reasonable care, and the proprietor is liable only when he is negligent. * * *".
The same view is expressed in 5 Thompson's Commentaries on the Law of Negligence, § 6674.
The issue, therefore, resolves itself in whether the averments of plaintiff's petition, — which for purposes of this exception must be taken as true — are such as to constitute a failure on the part of defendant Caplinger to have exercised such reasonable care in guarding his patron against violence from the hands of a fellow guest, which might be reasonably anticipated, or naturally expected to occur.
The petition charges negligence by defendant in absenting himself from his cafe, and failing to provide for the safety of plaintiff through the presence of an employee or other representative. It further charges that the Massich woman was a guest in defendant's cafe, apparently intoxicated, at the time that plaintiff entered the establishment. Certainly, the charge of apparent intoxication may or may not have been within the knowledge of defendant. Harboring or permitting an intoxicated person to remain within the cafe, necessarily involves the exercise of care, which may or may not be reasonable, considering the likelihood of discord or brawls, and the ultimate safety of the fellow patrons from insults or assaults. It must be conceded that having an undoubted right to exclude from his cafe drunken or disorderly persons, a proprietor has the corresponding duty to do so whenever the safety of his guests may be threatened or danger from violence anticipated. Whether defendant knew or should have known, of the intoxicated condition of the Massich woman, as affirmatively alleged, and failed to exercise the degree of care commensurate with the dangers to be avoided and the likelihood of injury to others, are questions, the solution of which, can only be resolved by a hearing on the merits of the case.
Furthermore, the conduct of defendant in absenting himself from his cafe, under then prevailing conditions, may or may not have been, the exercise of such reasonable care as was required. To resolve this question involves several factors, such as the length of time defendant was absent, the reason which prompted his absence, where he was in relation to the cafe at the time of the alleged assault, and such other connected matters, the proof of which are of material aid in ascertaining whether defendant exercised the degree of reasonable care the law required. Manifestly, his failure in that respect subjects him to liability for damages to the one assaulted and injured. *Page 599 
The rule is well established that guests or patrons of such an establishment have a right to rely on the belief that they are in an orderly house, and shall be protected from injury. Such guests or patrons have the corresponding right to believe that the operator, personally, or by his delegated representative, is exercising such degree of reasonable care as shall tend to safety and orderliness. This rule accords with the principles of our Civil Code, which hold the master responsible for the proper policing of his own premises, and the faults committed therein. R.C.C. Art. 177.
Since it is obvious that the petition states a cause and right of action it necessarily follows that the exception of no right and no cause of action should have been overruled.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be, and it is, annulled, avoided and reversed and that the exception of no right and no cause of action be, and it is, overruled and that this matter be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein expressed.
Reversed and remanded.