55 So.2d 633 (1951)
MATRANGA
v.
TRAVELERS INS. CO. et al.
No. 19737.
Court of Appeal of Louisiana, Orleans.
December 10, 1951.
Rehearing Denied January 7, 1952.
*634 Felicien Y. Lozes, New Orleans, for plaintiff and appellee.
May & Carrere, New Orleans, for defendants and appellants.
JANVIER, Judge.
This is a suit by a patron of a restaurant for damages for physical injuries alleged to have been sustained as a result of a dispute between the proprietor of the restaurant and the proprietor's brother, in the course of which the plaintiff, the customer, was knocked to the floor and injured. Matthew Zibilich, the owner and operator of the restaurant, and his liability insurance carrier, Travelers Insurance Company, are made defendants.
From a solidary judgment against both defendants and in favor of plaintiff for $1,250, defendants have appealed.
Plaintiff has answered the appeal, praying that the amount awarded be increased.
The district judge gave full reasons for this judgment, and since we thoroughly agree in everything that he said, except in the amount of damages awarded, we now set forth those reasons in full:
"Plaintiff, aged seventy, sues to recover from Matthew Zibilich and his liability insurer damages for personal injuries sustained while a patron in the neighborhod restaurant and bar operated by Zibilich at South Claiborne Avenue and General Taylor Street in New Orleans, about 11:00 p. m. the night of March 18th, 1950.
"Plaintiff had just finished or was drinking a bottle of beer he had purchased when he was knocked or pushed down during or immediately following an argument between Matthew Zibilich and his brother, August, over money Matthew owed August. The front of the premises is occupied by the restaurant and oyster bar, and the rear by a liquor bar or saloon, the two being separated by a wall, with an opening between the two.
*635 "Matthew has owned and operated the restaurant and bar for nearly thirty years. August has no interest in the business, but was assisting his brother at the time. August arrived at the restaurant about 9:00 p. m. and helped at the oyster bar and later had his dinner. This, he did on occasions as he wished. Just before leaving for the night, August asked Matthew for his money (about $200.00) which Matthew kept as custodian of a G. I. pension the Government was paying August as a disabled veteran of World War II.
"Matthew first remonstrated with August for squandering his money, and suggested he be satisfied with $50.00 or $75.00. August insisted that Matthew give him all his money, and slapped his hand on the saloon bar angrily demanding it. Matthew took the money from his pocket, gave it to August, and then ordered him to leave the restaurant and never return.
"Matthew, the young woman waitress employed in the establishment, and August, all testified there was no physical encounter between the brothers, that neither threatened physical force or injury to the other, nor made any overt act in that respect. The waitress testified that Matthew `chased' his brother from the premises.
"The testimony is in material conflict only with respect to who knocked or pushed plaintiff to the floor.
"Both brothers and the waitress testified August brushed against plaintiff as the former was going into the restaurant from the bar to get his hat, just after Matthew gave him the money. Plaintiff, to the contrary, testified it was Matthew who collided with him just after he ordered his brother from the place and had locked the door behind him.
"According to Matthew, his brother August `* * * swung around, knocked him (plaintiff) down.' He said he was sorry it happened but knew his brother didn't do it on purpose.
"There is no evidence that plaintiff had more than one bottle of beer. There is no evidence or reason to conclude that the contact between August and plaintiff was with much force or violence. Perhaps a much younger man than plaintiff would have withstood the impact without losing his balance and suffering injury. Yet, the evidence is conclusive that plaintiff slipped or fell to the floor as a result of the contact with one of the brothers and hurt his hand. The waitress rubbed plaintiff's swollen wrist with oil and plaintiff went home, but returned on one or two occasions later without complaint. Plaintiff went to the hospital three weeks later when his left wrist was found to be fractured and was put in a cast for some six weeks. He has lost 5% lateral motion and 20% forward motion, otherwise his wrist has recovered.
"Defendants argue that the matter presents only a question of fact with the burden on plaintiff, and that plaintiff has failed to sustain the burden by a preponderance of the evidence.
"The pertinent facts upon which this case is to be decided are not in dispute. The evidence overwhelmingly establishes the following facts:
"While on his way home, one night about 11:00 p. m., plaintiff stopped at the restaurant and bar of defendant, Zibilich, ordered and paid for a bottle of beer. While sitting at a table or standing at the bar drinking his beer, an argument ensued between the proprietor and his brother over money the former was keeping for the latter. During, or immediately following the argument, one of the brotherswhich one is immaterial while in a state of anger or excitement, pushed or fell against plaintiff, causing the latter to lose his balance and fall to the floor, injuring his left wrist.
"The argument was either initiated or pursued by defendant, Zibilich, proprietor of the restaurant, up to the time of plaintiff's injury. Defendant, Zibilich, knew of plaintiff's presence and close proximity to him and his brother. The argument and the hasty retreat therefrom by August, who `bumped' into plaintiff was the sole, immediate, and proximate cause of plaintiff's injury.
"One is guilty of negligence when the injurious consequences of his act were *636 foreseeable, probable and reasonably to be expected, and are the proximate cause thereof.
"It is the duty of every storekeeper and restaurant operator to use reasonable care in the protection of his patrons and guests. Particularly, must he, himself, refrain from any act or conduct likely to cause injury to a guest. Had the argument been between two other guests rather than between the proprietor and his brother, who had been assisting him in the restaurant at the time, it would have been defendant, Zibilich's duty to eject the offenders or called for the police. Under the circumstances, defendant, Zibilich's conduct constituted negligence.
"Defendants plead, alternatively, that plaintiff was guilty of contributory negligence which was the proximate cause of the accident, in that he left a place of safety and intervened in the alleged argument. The only evidence of plaintiff's alleged intervention is the testimony of Matthew that plaintiff suggested to August in a fatherly way, during the argument, that he should take his older brother's advice about the money. This, plaintiff denies. Even if true, such a suggestion from one who knew the brothers could hardly be the proximate cause of the injury. Plaintiff made no physical effort to interfere and his fatherly advice could hardly be considered provocative. Plaintiff could hardly be expected to foresee that his advice, even if given, would result in the injury he sustained.
"Accordingly, plaintiff is entitled to recover for his pain and suffering and for the partial loss of use of his left wrist in the sum of $1,250.00. See Hadrick v. Burbank Cooperage Co. [La.App.], 177 So. 831."
In addition to the question of how much should have been awarded to plaintiff, we think it necessary to discuss only the question raised by the contention of the defendants that, though plaintiff alleges that he had been struck by defendant, Matthew Zibilich, the record seems to indicate that, as a matter of fact, he was struck by August Zibilich, the brother of the defendant.
We do not think that this is of great importance. The testimony seems to indicate that, as a matter of fact, the plaintiff was struck by August Zibilich during the argument or scuffle between him and his brother, Matthew Zibilich. This evidence was admitted without objection and furthermore, does not seem to substantially change the charge that, as a result of an altercation between the defendant, Matthew Zibilich, and his brother, plaintiff was struck by someone and knocked to the floor.
After the accident plaintiff did not realize that he had been more or less seriously injured, and it was almost three weeks before he discovered that he had sustained two fractures at or near the left wrist, which, in medical parlance, is described in the report of Touro Infirmary as follows: "fracture of radius" and "also fracture ulnar styloid." The arm was placed in a cast and plaintiff was told to return for removal of the cast in one week. The cast, however, was not removed until about three weeks later. After that splints were applied which remained on for about two weeks.
The accident occurred March 18th, 1950. Under date of January 22nd, 1951, a written report on the condition of plaintiff was made by Dr. Nicholas K. Edrington: "Examination of right arm of Mr. Matranga shows lateral motion of left hand at wrist joint is apparently normal in comparison with the right. There is about 25% limitation of complete extension and about 10% loss of complete flexion of left fingers. Grip pressure is less by approximately 25% in the left hand in comparison with the right. The wrist joint shows some residual thickening and bony enlargement in its structure due no doubt to unabsorbed callous aboy the site of old fracture."
The evidence shows that it was necessary that someone care for plaintiff and wait on him for three or four months after the accident, and that during that time he suffered considerable pain.
One Thousand Two Hundred Fifty Dollars seems to be inadequate as compensation for plaintiff for his pain and suffering *637 and the loss of the use of his arm during that period and for the partial disability which he will continue to suffer. The amount should be increased to $2,000.
Accordingly the judgment appealed from is amended by increasing the amount thereof to $2,000, and as thus amended, the judgment is affirmed. Defendants to pay all costs.
Amended and affirmed.