77 So.2d 748 (1955)
Kyto MILLER
v.
Willy DERUSA and August Simien.
No. 3944.
Court of Appeal of Louisiana, First Circuit.
January 28, 1955.
Russell T. Tritico, Lake Charles, for appellant.
Eugene H. Lawes, Lake Charles, for appellee.
LOTTINGER, Judge.
This is a tort action in which the plaintiff, a young colored man, seeks to recover the sum of $12,015 for injuries sustained as a result of a blow to his head. In his petition he alleges that on February 24, 1952, while seated at the bar of an establishment owned by the defendant, Willy Derusa, the other defendant, August Simien, without cause or provocation, walked up behind him and struck him a severe blow on the back of his head with a large stick or club. The further allegation is made that Derusa knew that relations between the plaintiff and Simien were of a hostile nature and that even knowing that the latter intended to "get" the plaintiff on the night in question, he took no steps to protect the plaintiff, his guest, either before or after the occurrence of the battery.
The defendant Derusa first filed exceptions of no right and no cause of action on behalf of Derusa which were apparently abandoned after the plaintiff amended his petition making the charges of negligence against Derusa more specific. Subsequently, an answer was filed on behalf of both defendants, which denied all material allegations of the petition.
Following trial on the merits in the Court below, judgment was rendered against both defendants, in solido, in the sum of $8,000. The matter is now before us on a devolutive appeal taken by Willy Derusa. The other defendant, August Simien, has not appealed from the judgment against him.
This plaintiff's suit against Simien is, of course, based on the alleged malicious assault made against him. The suit against Derusa is based upon his alleged failure, as an innkeeper, to protect the plaintiff, his guest, from known dangers. In this connection, it is the plaintiff's contention that, 1) Derusa had been forewarned that Simien intended to assault or harm someone in his *749 place of business on the night of the occurrence of the tort, 2) Derusa knew Simien had had trouble with plaintiff previously and was likely to assault or injure him, 3) Derusa knew Simien to be a man of vicious character likely to cause trouble in his place of business, and 4) Derusa failed to provide plaintiff with adequate medical care after the assault.
The record shows that Derusa operated a grocery store and bar-room both open to the public, and in spite of the many conflicts and discrepancies in the record there is no doubt in our minds that on the night of the assault the plaintiff was legally on the premises for the purpose of purchasing goods sold by defendant Derusa and enjoying the entertainment provided by him, thus making him a guest of the latter. See Murray v. Hagens, La.App., 143 So. 505, 506, wherein it was held that:
"A guest is a person entertained for pay at an inn, tavern, or hotel upon the general undertaking of the keeper of the house."
Having concluded that the plaintiff was a guest of Derusa, it is clear that he was entitled to the latter's protection from the actions of his fellow guests. The rule is stated in 43 C.J.S., Innkeepers, § 22, p. 1175, as follows:
"The innkeeper must protect his guests, while in the inn, against injury at the hands of third persons, whether they are guests or strangers, where it is within his power or that of his servants to do so; and his obligation is not met by merely warning the guest."
See also De Hart v. Travelers Insurance Company, La.App., 10 So.2d 597 and Matranga v. Travelers Insurance Company, La. App., 55 So.2d 633, for pertinent rules laid down by our brethren of the Orleans Circuit with respect to the duties of innkeepers and storekeepers to protect their guests.
Having concluded that the plaintiff was guest of the defendant Derusa and bearing in mind the legal principles above cited, the remaining question is a factual one, i. e., whether Derusa did or did not violate the duty owed by him toward plaintiff. While the trial judge did not render written reasons for judgment, it is apparent from the judgment itself that he was of the opinion that Derusa had violated this duty, and, taking the record as a whole, we cannot find where the trial judge committed manifest error in so concluding.
As stated previously, the record is in hopeless conflict and particularly so with respect to the manner in which the battery was committed as well as the conduct and whereabouts of Derusa before, during and after the commission of the act. A resume of the conflicting evidence on the point would serve no useful purpose; suffice it to say, the plaintiff and his witnesses generally testified that Derusa knew of previous trouble between plaintiff and Simien, knew that Simien planned to attack plaintiff that night, and was talking to plaintiff just before the occurrence of the battery. The testimony of Derusa and his witnesses, on the other hand, is generally a denial of these charges, except that he does admit being near plaintiff when the assault and battery took place. With the testimony in such hopeless conflict we are unable to find any manifest error in the finding of the trial judge, who evidently believed the plaintiff and his witnesses.
The plaintiff claimed damages in the sum of $12,015 and was awarded the sum of $8,000. It was stipulated that he received a fracture of the skull, a speech impediment partial paralysis of the left arm and that he was unable to work. The plaintiff testified that he was unconscious for eleven days, had been in and out of hospitals ever since the accident and suffered from frequent headache and dizzy spells. Under these circumstances we feel the amount awarded was fair and would leave same undisturbed.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.