GLADNEY, Judge.
This action by Robert Douglas Lafitte, Sr. and Sarah Jane Watts Lafitte, parents of twelve year old Clarence Melvin Lafitte, was instituted for the purpose of recovering damages by reason of the boy’s death by drowning while the guest of Robert H. Snell at a camp on Lake Bistineau. Snell and his insurer, Grain Dealers Mutual Insurance Company, are named defendants. From a judgment sustaining an exception of no cause and no right of action, plaintiffs have appealed.
The petition filed in the Caddo Parish District Court on January 18, 1960, alleges that about 4:00 o’clock p. m. on August 1, 1958, petitioners’ son, after swimming and fishing with members of the Snell family, the defendant’s wife and two children, played checkers with defendant’s son. Clarence left the checker game saying he intended to make a check of some fishing lines he had placed at the end of the camp pier. This pier was located at the bottom of a hill behind the camp and entended beyond the shore line approximately fifty feet. It is further alleged that after the lapse of some minutes and Clarence did not return from the pier, the Snell boy went to the pier but was unable to discover Clarence, whereupon Robert H. Snell was summoned and shortly thereafter the body was found in the water.
For a cause of action the petition alleges the defendant host, Snell, was negligent in failing to warn young Lafitte of the danger of being near the lake alone and in not supervising the activities of his young guest.
The exception filed on behalf of defendants avers plaintiffs’ petition contains no allegations of fact constituting actionable negligence. A further ground urged for sustaining the exception is that plaintiffs’ cause of action accrued more than one year prior to the commencement of this action, and, therefore, under LSA-C.C. art. 2315, if it ever existed it had ceased to exist at the time of the filing of plaintiffs’ petition.
The liability of a host for the negligent injury of his guest is as defined in Alexander v. General Accident Fire & Life Assurance Corporation, La.App.1957-1958, 98 So.2d 730, 734:
“As a general rule, the host ‘is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the invitor, Crittenden v. Fidelity & Cas. Co., La.App. 2 Cir., 83 So.2d 538, 540. See also Regen-bogen v. Southern Shipwrecking Co., La.App.Orl., 41 So.2d 110, Knight v. Travelers Ins. Co., La.App. 1 Cir., 32 So.2d 508.”
As the rule so states, in the ordinary situation a host owes to an invitee only the exercise of reasonable care to prevent injury The petition makes no allegation that Clarence Lafitte was other than a normal, healthy child, and thoroughly capable of protecting himself from any apparent danger. Why, then, was there anything unusual in that Clarence went upon the pier alone during daylight hours, and what was there to cause Snell or the others in his family any apprehension? In McKenna v. City of Shreveport, et al., *776 1931, 16 La.App. 234, 133 So. 524, 526, this court said:
“The average child of the age of ten years, under the weight of authority, is chargeable with knowledge of the danger of drowning.”
1 Counsel for appellants recognizes the truth of this, for in his brief is the following statement:
“In recent years the danger of drowning when alone near water has been a constant and persistent theme of organizations which devote their energies to the prevention of accidents. Television, moving pictures, radio, and posters have sounded the warnings far and wide, and the campaign is accelerated into high gear upon the approach of the swimming season. And if there is any one theme that persists, it is the ordinary warning that the one major precaution to be undertaken against the danger of drowning is the so-called ‘companion system.’ These organizations stress that this is a precaution available to all, not to prevent accidents but to prevent these accidents from becoming fatal. And these warnings are undertaken not because victims from drowning are rare and infrequent, but rather because they are foreseeable, real, and likely whenever precautions are not taken. Not to have heard or been aware of these warnings one would have to be totally oblivious to all news media. Certainly the danger of drowning when alone and near water is a peril constantly called to our attention.”
The petition is silent, as so it must be, as to any non-apparent or concealed dangers which if known to Snell it would have been his duty to forewarn his young guest.
We have examined the authorities cited by appellants in brief, but none of these support the position of plaintiffs, and we have not been cited to a single case which would impose a legal duty upon the head of a family to constantly see that a normal twelve year old boy is accompanied whenever he went near the water. Search as we may, we find no evidence of breach of duty, lack of prudence, or fault on the part of Snell.
After the filing of defendants’ exception of no cause or right of action, plaintiffs filed a supplemental and amended petition which alleges that on July 25, 1959, less than one year after the death of their son on August 1, 1958, suit upon the claim embraced herein was filed in the U. S. District Court for the Western District of Louisiana, Shreveport Division, and that although the suit was dismissed for lack of jurisdictional amount, the filing thereof served to interrupt prescription. As an additional bar to plaintiffs’ right of recovery, exceptors argue it is required that plaintiffs’ action be filed within one year of the death as prescribed by LSA-C.C. art. 2315. It is argued a question of per-emption is raised and after the lapse of one year from the death of the deceased the cause of action ceased to exist. We are not apprised as to whether the trial judge passed upon the issue raised as to the timely filing of the instant suit. We find it unnecessary to decide the question so presented as we are convinced plaintiffs have totally failed to assert any basis for actionable negligence.
For the foregoing reasons the judgment from which appealed is affirmed at appellants’ cost.