162 So.2d 203 (1964)
Minnie C. CALLENDER for and on behalf of Ronald Eugene Callender, Judy Ann Callender, and Lee Roy Callender, Minors, Plaintiffs-Appellees,
v.
Herman O. WILSON, d/b/a Bell Aire Cafe, Defendant-Appellant.
No. 6072.
Court of Appeal of Louisiana, First Circuit.
March 2, 1964.
Rehearing Denied April 6, 1964.
Writ Refused May 27, 1964.
*204 Franklin & Keogh, by Charles W. Franklin, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, by Robert J. Vandaworker, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
REID, Judge.
This is an appeal from a judgment of the Lower Court rejecting plaintiffs' demands in a suit for damages for the death of Helen W. Callender. Plaintiff, Mrs. Minnie C. Callender, duly qualified Tutrix of her minor grandchildren, Ronald Eugene Callender, Judy Ann Callender, and Lee Roy Callender, brought suit on their behalf against Herman O. Wilson, d/b/a Bell Aire Cafe, for the death of their mother, Helen W. Callender, who was killed on July 24, 1958 by gunshot wounds inflicted by Johnny Gomez on the premises of the said Bell Aire Cafe. Plaintiff contends Helen Callender's death resulted from the negligence of the defendant in permitting Gomez to remain on the premises in an intoxicated and obviously unstable condition, and in leaving a dangerous instrumentality, a gun, in an unguarded place accessible to Gomez.
Plaintiff asks for damages for the loss of love and affection, loss of support, and for pain and suffering in the total amount of $22,000.00 for each of the three children.
Defendant Wilson answered denying any negligence and, in the alternative, defendant pleaded contributory negligence on the part of Helen Callender alleging she voluntarily sought the company of Johnny Gomez, argued with him and excited and incited him. He also alleged, as a further act of contributory negligence, her failure to seek or ask protection when she, and she alone, had an opportunity to realize the danger of violence by Gomez.
By stipulation before the commencement of the trial on the merits Herman O. Wilson, was eliminated as defendant because he had been adjudicated and declared bankrupt by the bankruptcy court and Travelers Insurance Company, his insurer, was substituted as a defendant in this case.
The Judge of the Lower Court rendered judgment in favor of defendant, rejecting plaintiff's demands and dismissing this suit at her cost. From this judgment plaintiff prosecutes this appeal.
The facts show conclusively that the decedent, Helen W. Callender, was shot and killed on June 24, 1958 by Johnny Gomez while she was seated at a table in the Bell Aire Cafe. The pistol was the property *205 of Herman O. Wilson and was obtained by Gomez immediately prior to the shooting from the kitchen of the cafe where it was reposing on a shelf near a telephone. Immediately after the killing Gomez turned the gun on himself and took his own life.
The Judge of the Lower Court found the following facts in his written reasons for judgment:
"The evidence on this trial shows the relationship between Mrs. Callender and Gomez prior to the killing as that of common law man and wife and which relationship has existed for approximately one year immediately prior to the killing. It also shows that Mrs. Callender was attemping to end this relationship and which Gomez was determined to prevent. The evidence also shows that Gomez committed several acts of criminal damage to Mrs. Callender's automobile and clothes and which acts of damage were sometime prior to the day and time of the killing.
"The evidence further shows that on the night of the fatal incident Johnny Gomez came into the Bell Aire Cafe and came over and sat at a table where Mrs. Helen W. Callender and her sister-in-law, Lou Britt, were sitting. He was not intoxicated. There was no disturbance whatsoever prior to the killing. He tried to put his arm around Mrs. Callender and she politely resisted and asked Gomez to leave. Miss Britt, a witness for the Plaintiff and sister-in-law of Mrs. Callender further testified that she got up and went to get a fly spray that she borrowed from one of the boys at the filling station and when she came back and sat down she heard Johnny say, `So that's the way you want it?' and Mickie said, `Yes I want you to leave me alone.' Johnny then got up and went toward the kitchen and Mickie then told Lou Britt that he, Johnny, was going after the gun. So when Mickie told Lou that she, Lou, got up and left. Further evidence shows that seated immediately to the rear of Mrs. Callender was a uniformed State Trooper equipped with sidearms. Mrs. Callender made no effort to get away from Gomez at any time prior to the time she was killed. There was no evidence to show any commotion whatsoever in the place or any overt acts on the part of Gomez prior to the time that he obtained the gun and slew Mrs. Callender which would not (sic) indicate to the proprietor that Gomez intended to commit some act of violence against the person of Mrs. Callender. The gun used in the killing, as above mentioned, was the property of Mr. Wilson the proprietor and was in the kitchen where ordinarily patrons were not allowed to go.
"It can also be concluded that, if any one knew Johnny Gomez, it was Mrs. Callender herself. Yet, if she thought she were in danger of attack from Gomez, she made no effort to get away from him even prior to the time he left to obtain the pistol. Furthermore, she told Lou Britt that Gomez was going after the gun and still she made no effort to protect herself, even though Trooper Horstmann was seated at almost arms length from her, in full uniform and equipped with sidearms."
With this finding of fact we are in accord. We fail to see where Wilson, the proprietor of the cafe, was guilty of any negligence resulting in the death of Mrs. Callender. Plaintiff makes much of the fact that Gomez and Wilson were good friends and Gomez had the run of the place, that Wilson knew, or should have known, that Gomez was a dangerous man and that he and Mrs. Callender were arguing with each other. However, the evidence was conclusive that there was nothing loud or out of order on the night of the tragedy, to have aroused anyone's fear that violence would erupt.
In addition, the Lower Court found there was an armed State Trooper sitting within *206 a few feet of Mrs. Callender and if she were in fear of her life, as the witness Lou Britt would lead us to believe, she certainly could have appealed to the Trooper for protection. Even plaintiff's attorney in his argument was unable to understand why Mrs. Callender seemingly "froze to the chair" and made no attempt to escape or appeal for help.
Plaintiff in her brief argues that the proprietor of a restaurant has a duty to protect his patrons from violence. DeHart v. Travelers Insurance Company, La.App., 10 So.2d 597; Miller v. Derusa, La.App., 77 So.2d 748. There is no question this is the law, but we must follow another principle of law; the proprietor is not an insurer of the safety of his guest but only owes him a duty to exercise reasonable care. He is only liable when he is negligent. DeHart v. Travelers Insurance Company, supra, Matranga v. Travelers Insurance Co., La.App., 55 So.2d 633, Miller v. Derusa, supra.
The rule of reasonable care must be considered, not in the light of the actions which happened, but with reference to that which ordinary prudence should have indicated is likely to happen. Ordinary care requires only that means be taken to avoid such dangers that are known or are reasonably anticipated. Campbell v. All State Insurance Company, La.App., 112 So.2d 143.
"Negligence consists in a failure to provide against the ordinary occurrences of life, and the fact that the provision made it insufficient as against an event such as may happen once in a lifetime or perhaps twice in a century does not * * * make out a case of negligence upon which an action in damages will lie." New Orleans & N. E. R. R. Co., v. McEwen & Murray, 49 La.Ann. 1184, 22 So. 675, 680, 38 L.R.A. 134.
A host is not liable for an injury to an invitee resulting from a danger or condition which was well known or as obvious to the invitee as to the inviter. Lafitte v. Grain Dealers Mutual Insurance Co., La.App., 121 So.2d 774; Knott v. Williams, La.App., 109 So.2d 517; Alexander v. General Accident Fire & Life Assurance Corporation, La.App., 98 So.2d 730; Crittenden v. Fidelity & Gas. Co., La.App., 83 So.2d 528; Regenbogen v. Southern Shipwrecking Co., La.App., 41 So.2d 110; Knight v. Travelers Ins. Co., La.App., 32 So.2d 508.
In addition, if Wilson had been negligent the willful and criminal act of a third person intervened between the alleged negligence and the occurrence of the injury. See 65 C.J.S. Negligence § 111d.
For the foregoing reasons we find that the judgment of the Lower Court is correct and is, therefore, affirmed.
Affirmed.