172 So.2d 717 (1965)
Robert S. COOPER, Jr.
v.
Frank J. RUFFINO et al., d/b/a "Harry's Place".
No. 1742.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1965.
*718 Tilton & Whalen, Dennis R. Whalen, Baton Rouge, for plaintiff-appellant.
Occhipinti, Occhipinti, Casano & Kunz, A. R. Occhipinti, New Orleans, for defendant-appellee.
Before REGAN, SAMUEL and CHASEZ, JJ.
CHASEZ, Judge.
This is an action ex delicto to recover damages for injuries sustained by plaintiff when he was involved in an altercation in Harry's Place.
From a judgment dismissing plaintiff's demands, he appeals.
Plaintiff testified that he was in Harry's Place at about 2:00 a. m., December 24, 1961, standing near the juke box drinking beer out of a bottle. A complete stranger came up to him and told him "I don't like the way you are holding that bottle." Plaintiff stated: "He attempted to assault me and I struck him with the bottle because I am right-handed and it was in my right hand." Almost simultaneously, plaintiff testified, he was struck from the rear by another patron and was knocked face down on the floor. The bartender came over "* * * and he grabbed me by the arm or writs * * * And he threw me through the door facing on Chartres Street."
The next thing plaintiff remembered is that he was lying in the gutter with an unknown person stomping him in the face with his foot. He stated he did not know who assaulted him while he was in the gutter; he implied in oral argument that it was the original assailant. Plaintiff sustained a cut over his eye and various other minor injuries in the melee. The plaintiff was accompanied by a companion, one Mr. Morgan, who did not testify but it was stipulated that had he testified he would have testified to the same facts as plaintiff.
Defendant, Frank Ruffino, testified that he was behind the bar when he heard the sound of a beer bottle being broken. He looked toward the sound and observed the plaintiff with a broken beer bottle in his hand, standing by the juke box; another patron was lying on the floor in a semiconscious state. He immediately went to plaintiff, took him by the arm and escorted him out of the place. He thereafter took the patron who had been on the floor and escorted him through another exit.
Plaintiff argues that the defendant innkeeper breached his duty of protecting him from injuries by other patrons and was negligent in ejecting him in an injured condition to a danger of further assault outside the place. The record reflects that there were approximately two hundred patrons in Harry's on the night the incident occurred. Plaintiff, by his own admission, struck the first blow; he did not know who hit him (except it was not the person whom he struck) and did not offer any evidence other than his own to prove that he was struck while in the place. He also stated that he was in a semiconscious state when he was thrown out of the place. This he also failed to prove. From our review of the record, we are of the opinion that the evidence does not sustain this contention.
*719 An innkeeper does have a duty of care to protect his patrons from injuries at the hands of other patrons when it is within his power to do so. Miller v. Derusa, 77 So.2d 748 (La.App. 1955), Matranga v. Travelers Ins. Co., 55 So.2d 633 (La.App. 1951), DeHart v. Travelers Insurance Co., 10 So.2d 597 (La.App.1942). We are of the opinion, as was the trial court, that no breach of this duty has been proven in this case.
The trial court after observing the witnesses and hearing the evidence doubtless gave more weight to the defendant's version of the occurrence than he did to plaintiff's. After a review of the record, we are in accord with this conclusion. We find no justification for plaintiff's contention that the trial court committed manifest error which would be required for a reversal on a question of fact.
The judgment is, therefore, affirmed at plaintiff's cost.
Affirmed.