GLADNEY, Judge
(dissenting) :
The uncontroverted facts are that on March 15, 1964, the day of the accident, Gary Ratcliff was fourteen years and ten months old. He was in the ninth grade in school, and an average student. He had known Robert Gore, a classmate, for approximately three and a half years and during their friendship they had spent many hours boating together in the powerboat owned by Major Gore. During these outings Gary had operated the boat on several occasions. On the day of the accident the boys had been swimming, skiing and boating for about four hours.
When the rear seat was removed to be reupholstered this left the mounting braces or studs exposed. Gary testified that no one had specifically warned him of the braces, but that he had seen them as they were exposed and completely within view.
“As a general rule, the host ‘is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was well known or as obvious to the invitee as to the invitor.’ ” [Crittenden v. Fidelity & Casualty Co. of N. Y., La. App., 83 So.2d 538, 2nd Cir. 1955; Lafitte v. Grain Dealers Mutual Insurance Co., La.App., 121 So.2d 774, 2nd Cir. 1960; Callender v. Wilson, La. App., 162 So.2d 203, 1st Cir. 1964, writ refused; 246 La. 351, 164 So.2d 352]
“The law is clear that one who knows, or in the exercise of ordinary care should have known and appreciated, the existence of a danger from which injury might reasonably be anticipated must exercise ordinary care to avoid such injury.” [Veal v. Employers Liability Assurance Corp., Ltd., La.App., 108 So.2d 242, 2nd Cir. 1958; Spears v. American Fidelity and Casualty Co., La.App., 123 So.2d 513 Orl. Cir. 1960]
For the reasons so stated, I. respectfully dissent.