225 So.2d 30 (1969)
Cornelius WHITNEY et al., Plaintiffs & Appellants,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al., Defendants & Appellees.
No. 2759.
Court of Appeal of Louisiana, Third Circuit.
July 7, 1969.
*31 Kramer & Kennedy, by Ralph W. Kennedy, Alexandria, for plaintiffs-appellants.
Watson, Brittain & Murchison, by Jack O. Brittain, Natchitoches, Lloyd G. Teekell, Alexandria, for defendants-appellees.
Before SAVOY, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
This is a wrongful death action. The plaintiffs, Mr. and Mrs. Cornelius Whitney, are the natural parents of Travis Whitney, who drowned at the age of 12 years. The defendants are: (1) Mr. Shelby O'Quinn, who had taken Travis on a picnic and swimming outing at the time of the accident; (2) Mr. F. H. O'Quinn, foster parent of Travis under a contract with the Department of Public Welfare of the State of Louisiana, and also the father and employer of Mr. Shelby O'Quinn; and (3) Southern Farm Bureau Casualty Insurance Company, liability insurer of Mr. F. H. O'Quinn.
The district judge granted defendants' motion for summary judgment. Plaintiffs appealed.
The determinative issue on appeal is whether Shelby O'Quinn was negligent.
We will first state the general rules applicable to summary judgments. LSA-C.C.P. Article 966 provides in part that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Article 967 provides for the filing of affidavits, depositions and answers *32 to interrogatories and states in part as follows:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
Jurisprudence interpreting these codal provisions holds that in passing upon a motion for summary judgment the function of the court is not to determine the merits of the issues raised, but rather whether or not there is a genuine issue of material fact. All doubts are to be resolved against the granting of summary judgment and in favor of a trial on the merits, to find the disputed facts. Fontenot v. Lewis, La.App., 215 So.2d 161 (3rd Cir.1968) and the cases cited therein.
Plaintiffs' petition alleges generally that Shelby O'Quinn, with the knowledge and consent of F. H. O'Quinn, took Travis Whitney, along with Shelby's own 3 children, to swim in Valentine Lake, a large body of water in Rapides Parish. It is alleged further that both F. H. O'Quinn and Shelby O'Quinn knew the dangerous propensities of the lake and the fact that Travis Whitney was unable to swim; that Travis was left unattended by an adult for a period in excess of 20 minutes and he drowned. Shelby O'Quinn is alleged to have been negligent in his failure to provide Travis with safety equipment; failure to warn the child of the dangerous propensities of the location; failure to protect and safeguard the child after exposing him to the danger; and failure to supervise or provide an adult in attendance.
The defendants filed motions for summary judgment to which they attached both affidavits and depositions of Shelby O'Quinn and F. H. O'Quinn, as well as depositions of Mr. and Mrs. Whitney. The plaintiffs filed answers to the motions for summary judgment, to which they attached the same depositions of F. H. O'Quinn and Shelby F. O'Quinn which are relied on by defendants. Under LSA-C.C.P. Article 967, quoted in part above, summary judgment will be rendered against plaintiffs unless specific facts set forth in the affidavits and depositions mentioned require that judgment be denied.
These affidavits and depositions show that in May of 1967, by order of the Ninth Judicial District Court for the Parish of Rapides, the 8 children of Mr. and Mrs. Cornelius Whitney were removed from their custody because they were financially unable to provide for the needs of the children. The Department of Public Welfare placed Travis in foster care with Mr. F. H. O'Quinn, under an agreement whereby he received $255 per month plus certain expenses.
Mr. F. H. O'Quinn operates a dairy near Alexandria. His son, Shelby O'Quinn, is employed in the dairy. On the day in question, Shelby O'Quinn, with the knowledge and consent of Mr. F. H. O'Quinn, invited Travis Whitney to accompany Shelby's family on a picnic and swimming party.
After they left the F. H. O'Quinn home, Shelby was advised by someone who had been to Valentine Lake that it was a good swimming area for small children because the water gradually deepened from the bank. On arrival at the lake, Shelby talked to the U. S. Forest Service ranger and paid him the fee. The ranger did not mention any hazards in the swimming area.
They found a suitable table, 50 to 75 yards from the water's edge, and unloaded the picnic provisions. Then the children went down to the water with Shelby immediately following them. Shelby's own 3 children are respectively 13, 12 and 10 years of age. The 2 older children could swim, but the younger could not. Shelby says that Travis Whitney told him he *33 could swim, but Shelby had never seen him swim. None wore life preservers or other safety equipment.
There were no lifeguards but other children and adults were swimming in the area and adults were seated on the bank. Shelby cautioned the children to first "wade out and make sure everything was all right." He remained to watch the children swim for a while and says that his 10 year old daughter and Travis were playing in the water together when he left and went back to the picnic table to help his wife prepare the food. From the picnic table he could see the area where the children were swimming.
About 20 minutes after Shelby left the water's edge, his 3 children came running to the picnic table to get a cold drink. The children saw that Travis wasn't there and said that he wasn't in the water either. A search for Travis ensued. His body was soon found, "8 or 10 steps from the shore", in a hole where the water was over his head. However, the body was "in the same general area" where Shelby had left the children swimming.
The primary issue is whether Shelby O'Quinn was negligent. As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury. Such person is not an insurer of the safety of the child. He is required only to use reasonable care commensurate with the reasonably foreseeable risks of harm. Lafitte v. Grain Dealers Mutual Insurance Company, La.App., 121 So.2d 774 (2nd Cir.1960); 65 C.J.S. Verbo Negligence, § 63(60) pp. 781-782; Prosser, Law of Torts, 3rd Ed. 344-346.
Plaintiffs contend first that there is a genuine issue of fact material to the legal question of Shelby O'Quinn's negligence. The only such issue of fact urged in plaintiffs' brief, or in oral argument, is that Shelby O'Quinn contradicted himself in his deposition. Plaintiffs urge that in one part of his deposition Shelby said he did not go down to the water with the children, but later he said that he followed them down to the water immediately. We have carefully studied the affidavit and the deposition and find no such contradiction. From a reading of these documents as a whole, it is clear that Shelby said he did go down to the water immediately behind the children when they first went to the lake. However, he did not remain there for the entire time they were swimming. We conclude that plaintiffs have pointed to no genuine issue of fact material to the question of Shelby's negligence.
Plaintiffs' argument, that under the facts Shelby O'Quinn is negligent as a matter of law, proceeds as follows: They say that although Travis told Shelby O'Quinn that he could swim, Mr. O'Quinn had never seen Travis swim and did not have a right to rely on this statement by a 12 year old boy. They point out that Shelby made no personal inspection to determine whether the water was too deep for nonswimmers. Nor did he remain on the shore to watch the children swim. Instead, he returned to the picnic table, 50 to 75 yards away, and obviously did not watch the children because Travis drowned within the next 20 minutes. Also, he drowned in a hole in the immediate area where he had been instructed and permitted by Shelby to swim.
On the other hand, defendants contend as follows that Shelby O'Quinn used reasonable care under the circumstances: Shelby's affidavit shows he was advised by someone, who frequently took his family of small children to Valentine Lake, that it was a good swimming area for small children because the water gradually deepened from the bank. When he arrived at the lake he talked to a ranger with the U. S. Forest Service and the ranger indicated the swimming area and did not mention any hazards. Before he permitted the children to get into the water, he warned them to wade out to be sure that everything was all right. Travis Whitney had told Shelby that he could swim. Even if Travis *34 couldn't swim, Shelby had a right to rely on a 12 year old boy using reasonable care for his own safety. Certainly, if Travis knew he couldn't swim, he should not have stepped into water over his head.
Defendants point out that Shelby's own 10 year old daughter could not swim and that he left her with Travis playing together in the shallow water. Shelby had no reason to suspect there was a deep hole within 8 or 10 steps from the shore. There were other people swimming in this swimming area, including small children and adults. There were also several adults sitting on the bank of the lake near the water's edge.
Under all of these circumstances, defendants contend Shelby O'Quinn used reasonable care commensurate with the foreseeable risk of harm. This is a close legal issue, but we ultimately agree with the trial judge that Shelby O'Quinn was free of negligence.
The only similar case, which counsel have cited from our jurisprudence, is Lafitte v. Grain Dealers Mutual Insurance Company, La.App., 121 So.2d 774 (2nd Cir.1960). There, a 12 year old boy was a guest at defendant's fishing camp on a lake. Defendant permitted the boy to go alone to check some fishing lines on the end of a peer, which extended about 50 feet out into the lake. The court quoted from a previous case, McKenna v. City of Shreveport et al., 16 La.App. 234, 133 So. 524 (2nd Cir.1931), holding that the average child of the age of 10 is chargeable with knowledge of the danger of drowning. The decision then concludes there is no duty to accompany a normal 12 year old boy whenever he goes near the water, in the absence of unreasonable hazards of which the defendant knew or should have known.
Having concluded Shelby O'Quinn is free of negligence, it is unnecessary for us to consider the remaining issues presented on appeal.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
MILLER, J., concurs as to the ruling maintaining the summary judgment in favor of F. H. O'Quinn and Southern Farm Bureau Casualty Co., but dissents as to the summary judgment in favor of Shelby O'Quinn. In my opinion these are general issues of material fact at issue concerning alleged negligence of Shelby O'Quinn.