CULPEPPER, Judge.
This is a suit for damages for the wrongful death of 11-year old Brian Beg-naud, who fell from a load of hay on a pick-up truck. Plaintiff-appellant is Brian’s mother. The defendants are the driver of the truck, his employer, and his insurer. A jury found the truck driver free of negligence. Plaintiff appealed.
The decisive issue on appeal is whether the truck driver was negligent.
On the date of the accident, Eugene De-boisblanc, 21 years of age, was in charge of a crew which was hauling hay from the field to the barn on a farm owned by his father, Mr. A. D. Deboisblanc. Members of the crew were Ronnie Lajaunie, Errol Breaux and Stanley Begnaud, Jr., Brian’s older brother, all of whom were young men in their twenties. Brian’s mother had given him permission to go with the “older boys” to haul the hay.
*374 The pick-up truck was loaded in the field with about 40 bales, stacked four or five bales high. The top of the hay was about one bale above the top of the cab of the truck. A flat bed trailer, loaded with a higher stack of hay, was being pulled behind the truck.
Young Brian asked Eugene if he could ride on top of the hay on the trailer. Eugene testified he refused this request because the hay was stacked too high on the trailer, and he considered it to be unsafe. However, he gave Brian permission to ride on the hay on the truck, along with Errol Breaux.
When they started toward the barn, Eugene was driving with Ronnie Lajaunie as a passenger in the cab of the truck. Brian and Errol Breaux were seated above the cab on top of the load of hay, facing toward the front of the truck. Brian was seated behind the driver and Errol behind the passenger.
At the time of the accident, the truck and trailer were proceeding at a speed estimated to be no more than S miles per hour on a dirt road leading from the blacktop highway through the pasture to the barn. Breaux testified the road was not rough nor was it smooth. He said “It felt like a gravel road, you know.” He stated further that the ride on the hay was fairly smooth and there was no lurching nor shifting of the bales. He was not sure whether he and Brian were sitting on the same bale, but they were sitting only about one foot apart, and they were not “cutting up” or doing anything else to cause Brian to fall.
No one who testified actually saw Brian fall or knew what caused him to fall. Breaux says that his hat fell off, and he jumped down and ran about 20 feet back of the trailer to pick it up. After he picked up his hat, he saw Brian lying face down on the road about 100 feet further back.
Later examination by a physician revealed that Brian’s skull was crushed. The physician was unable to express an opinion as to whether the injury was caused by the fall from the truck or by a wheel of the trailer.
Plaintiff contends the jury erred in finding the truck driver free of negligence. The argument is that the driver, Eugene Deboisblanc, was in control of the boy, and that he either ordered or permitted young Brian to ride on top of the hay on the truck when he knew or should have shown that this was unsafe for an 11-year old boy. Plaintiff stresses testimony by Eugene Deboisblanc that he refused to let the boy ride on the wagon because it was too dangerous, but he let him ride on the truck because it was “less dangerous”. From this testimony, plaintiff argues that Eugene knew it was hazardous to let the boy ride on top of the hay on the truck. Plaintiff argues Eugene should have ordered the boy to ride in the cab where it was safe.
The evidence stressed by defendants is that young Begnaud was intelligent, physically well coordinated and capable of riding on the hay without an unreasonable risk of falling. Furthermore, defendants stress the fact that Errol Breaux, a young man in his twenties, was seated beside Brian and, insofar as Eugene Deboisblanc knew, was watching out for him. The evidence also shows that Brian had ridden on top of the hay on previous occasions without incident. The road was smooth, the bales were stacked securely, the truck was going slowly, and there was no reason to anticipate that the situation presented an unreasonable risk of foreseeable harm to this 11-year-old boy.
The applicable rule of law is stated in Whitney v. Southern Farm Bureau & Casualty Insurance Company, La.App., 225 So.2d 30 (3rd Cir. 1969) as follows:
“As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury. Such person is not an insurer of the safety of the child. He is required only to use rea *375 sonable care commensurate with the reasonably foreseeable risks of harm. Lafitte v. Grain Dealers Mutual Insiirance Company, La.App., 121 So.2d 774 (2nd Cir. 1960) ; 65 C.J.S. Verbo Negligence § 63 (60) pp. 781-782; Prosser, Law of Torts, 3rd Ed. 344-346.”
Also particularly applicable here is the rule of appellate review that “When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” Canter v. Koehring Company, La., 283 So.2d 716 (1973). In the present case, the jury, by a unanimous verdict, held the truck driver and his employer free of negligence. We find no manifest error in this evaluation of the evidence.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.