BARRY, Judge.
Plaintiff appeals the dismissal of three defendants on motions for summary judgment.
The facts are simple and basically undisputed. Plaintiff was visiting an apartment rented by Mr. and Mrs. Stafford Durel and owned by Mrs. Louise Beverly. Plaintiff was watching television when he was acci-dently shot by Keith Bernard, a minor. Mrs. Durel was in an adjoining room, but Mr. Durel and Mrs. Beverly were not in the building.
Plaintiff sued the Duréis, Mrs. Beverly, and the minor’s father, Joseph Nelson. The lower court granted summary judgments in favor of the Duréis and Mrs. Beverly.
*657 Plaintiff urges there are two genuine issues of material fact and summary judgment was improper. First, he points to his affidavit which states that the Duréis’ major son, Stafford, viewed the incident and that Mrs. Durel was in the next room. Second, plaintiff argues that Mrs. Beverly’s insurance policy[1] covers loss or damage due to an “explosion” and discharge of ¿the gun could be interperted under this provision. Plaintiff submits no authority for either contention.
The Duréis attached four affidavits in support of their summary judgment motion. Mrs. Durel states she saw the minor enter her apartment and twenty five minutes later she was in the rear when the shooting occurred. Two affiants stated they were in the room when the gun accidentally discharged, that Mr. Durel was not home, that Mrs. Durel wasn’t present when the plaintiff got shot, and that to the best of their knowledge the Duréis did not know the minor had a gun. Mr. Durel’s affidavit specifies that he wasn’t home when the shooting occurred and he had never seen or heard of the minor having a gun while in his apartment.
Plaintiff’s affidavit in opposition to the summary judgment states that a major son of the Duréis was present in the room, saw the minor with the gun, and admonished him to put the pistol away. The affidavit also says that Mrs. Durel was in an adjoining room with the door open. That’s the full extent of plaintiff’s position seeking to establish liability on the Duréis. There is no allegation that Mrs. Durel had prior knowledge of the gun or even saw it, only that her major son was present and she was in the next room. It is undisputed that Mr. Durel wasn’t on the premises.
The Duréis are liable only if they are negligent and caused plaintiff’s injury. The rule of reasonable care should be considered, not from what happened, but from what ordinary prudence should have indicated is likely to happen. Ordinary care requires only that means be taken to avoid such dangers that are known or are reasonably anticipated. Callender v. Wilson, 162 So.2d 203 (La.App. 1st Cir.), writ refused, 246 La. 351, 164 So.2d 352 (1964).
This unfortunate accident was entirely unforseeable. The Duréis did nothing which constituted negligence and there is no basis for imputation of negligence. The evidence presented with the Duréis’ motion for summary judgment is not subject to conflicting interpretations and we do not believe reasonable men would differ as to its significance.
As to Mrs. Beverly, whether she had owner’s insurance covering this accident is of no moment. In fact, her insurer is not a party to these proceedings. There is absolutely no connection between Mrs. Beverly and the shooting incident. Plaintiff’s petition and opposing affidavit does not specify, directly or indirectly, any actionable negligence by Mrs. Beverly.
Further, we find that neither the Duréis nor Mrs. Beverly breached any legal duty imposed to protect this plaintiff against this particular risk.
The lower court properly determined that the moving parties’ supporting affidavits were sufficient to resolve all genuine issues of material fact, La.C.C.P. art. 966; State through the Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981). Summary judgment was clearly warranted and the district court judgment is affirmed with appellant cast for all costs.

Affirmed.

. One page of the landlord’s insurance policy is in the record, but the type of policy or its provisions is immaterial to our decision.