444 So.2d 160 (1983)
Memory S. TIDMORE
v.
GOUDCHAUX'S, INC., et al.
No. 83 CA 0224.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
David Vaughn, Baton Rouge, for plaintiff-appellant Memory S. Tidmore.
J. Wendell Clark, Baton Rouge, for defendants-appellees Goudchaux's, Inc. and Fireman's Fund Ins. Co.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Plaintiff-appellant, Memory Tidmore, filed suit against Goudchaux's, Inc. and its insurer, Fireman's Fund Insurance Company, for personal injuries she received in a purse snatching incident outside of appellee's store. Appellant appeals the judgment of the trial court dismissing her demands. We affirm.
The facts of this case are not in dispute. Appellee has six retail establishments in Louisiana, two of which are located in Baton Rouge. On February 5, 1981, appellant proceeded to appellee's store located at 1500 Main Street in Baton Rouge. The Main Street location of Goudchaux's has over one thousand parking spaces in the rear of the store, divided into some six parking lots. In addition, there are a limited *161 number of parking spaces available on Main Street in the front of the store. It was shown at trial that Goudchaux's does not own either the parking spaces on Main Street or the sidewalk adjacent to the front of the store where the purse snatching occurred.
At approximately 1:15 p.m. on the day in question, appellant parked her car parallel to the curb on Main Street in front of the entrance to the store. Appellant testified that it was raining, and thus, it took her several minutes to exit her vehicle, get her purse and open her umbrella. As appellant turned to walk around the rear of her vehicle, she noticed a black male approximately one-half block away walking down the sidewalk in her direction. Appellant reached the sidewalk and took several steps toward the store entrance when she felt a jerk on her purse and was thrown to the ground. Miss Tidmore then began to scream to attract attention and was subsequently taken into the store before being taken to the hospital. Appellant received serious injuries to her left leg requiring two operations and resulting in a permanent partial impairment of her left knee.
It was shown at trial that Goudchaux's contracts with an independent guard service for outside security at the Main Street location. A uniformed guard is on duty at all times except between 7:00 a.m. and 7:00 p.m. on Sundays. In addition, a second uniformed guard is on duty from 3:00 p.m. until closing on all days the store is open. On Saturdays and during busy shopping seasons, this second guard comes on duty at 1:00 p.m. Managerial personnel in charge of security matters for Goudchaux's testified that these guards were instructed to patrol the parking lots and perimeter of the building at least once an hour.
In her first assignment of error, appellant maintains that the trial judge erred in not accepting Mr. Russell Cook, Sr., as an expert in the field of security. Mr. Cook is employed as a sergeant with the Louisiana State Police and a co-owner of Roco Systems, Inc., a security safety agency. The trial judge, after hearing considerable qualifying testimony, found that while Mr. Cook was eminently qualified in the field of security on governmental matters, he had no expertise insofar as security in the private sector.
The decision as to the qualification of a witness as an expert is within the discretion of the trial judge and will not be reversed absent a finding that it is clearly erroneous as a matter of law. Roberts v. Tiny Time Thrifty Check, 367 So.2d 64 (La.App. 4th Cir.1979); Maddox v. Percy, 351 So.2d 1249 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1336 (La.1978). Mr. Cook testified that he had never been engaged in any security work for a retail establishment such as Goudchaux's. The overwhelming majority of Mr. Cook's security experience has been in designing and implementing security plans for state correctional institutions. Given the discretion afforded the trial judge in such matters, we find nothing clearly erroneous in the decision not to accept Mr. Cook as an expert.
Appellant next maintains that the trial court erred in holding that Goudchaux's did not owe a duty to protect her from the purse snatching even though it occurred on property not owned by Goudchaux's. Additionally, appellant maintains that the trial court erred in holding that Goudchaux's owed her no duty to warn of the dangers of parking near and entering through the Main Street entrance. We disagree.
As noted in Roberts v. Tiny Tim Thrifty Check, supra at 65:
A store owner is under a duty to take reasonable care for the safety of his patrons, but he is not the insurer of their safety. Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir.1973); DeHart v. Travelers Ins. Co., 10 So.2d 597 (La. App.Orl.1942); Matranga v. Travelers Insurance Co., 55 So.2d 633 (La.App.Orl. 1952). It has also been stated that a proprietor of a public place has a duty to protect his patrons from injuries at the hands of third parties when it is within his power to do so. Cooper v. Ruffino, *162 172 So.2d 717 (La.App. 4th Cir.1965) (emphasis added).
Unforeseeable or unanticipated criminal acts of an independent third person do not impose a duty to protect business patrons. It is only when the owner or manager of a public place has knowledge, or can be imputed with knowledge, of a third person's intended conduct that the duty to protect patrons is imposed. Pennington v. Church's Fried Chicken, Inc., 393 So.2d 360 (La.App. 1st Cir.1980).
We fail to see how Goudchaux's can be held to owe a duty to appellant to protect her from, or warn her against, the risk we all face using public streets and sidewalks. Even if we were to overlook the fact that this incident occurred on property not belonging to appellee, this case does not present a factual situation imposing a duty to protect or warn based upon knowledge, either actual or imputed. It was stipulated in the pretrial order that some twelve purse snatchings, including Miss Tidmore's have occurred at this location. We note, however, that nine of these incidents occurred in 1976 and 1977, one occurred in 1979, and one occurred on December 3, 1980. Therefore, in the twenty-three months preceding the attack on Miss Tidmore, only one purse snatching took place. From these facts, we are unable to say that the criminal activities in this location were sufficient to impute knowledge on the part of Goudchaux's of the offender's intended conduct.
Therefore, for the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant.
AFFIRMED.