GUIDRY, Judge.
This is an appeal by the State of Louisiana, Through the Department of Transportation and Development (hereafter DOTD) from a money judgment in favor of plaintiff, Kenneth W. Long.
On December 16, 1978, at approximately 1:00 p.m., plaintiff was involved in a vehicular collision on U.S. Highway 71 just south of the town of Morrow in St. Landry Parish. Plaintiff was driving a 1978 GMC truck, owned by Ryder Truck Rental, Inc., and was towing a bass boat and trailer. Plaintiff was proceeding in a northerly direction on Highway 71, which is two-laned at the point of the accident.
According to plaintiff, as he approached an “S” curve, he observed an oncoming red vehicle traveling at a high rate of speed. In order to allow the oncoming car more room to negotiate the curve, plaintiff eased his truck to the right. As plaintiff eased the truck to the right, the right wheels of the vehicle left the pavement straying onto the east shoulder. The truck and trailer immediately began to swerve as a result of this maneuver. Plaintiff attempted to reenter the highway and, in so doing, the truck suddenly shot across the highway. Somehow this caused the truck to flip over onto the driver’s side. The truck proceeded to skid along on its side until it came to rest on the west shoulder of the highway. Unavoidably, an oncoming truck collided with plaintiff’s vehicle.
A vehicle driven by Joseph Marcotte was following plaintiff’s vehicle just prior to the accident. Marcotte testified that plaintiff’s vehicle strayed onto the east shoulder of Highway 71. According to Marcotte, plaintiff attempted to re-enter the paved roadway immediately. In so doing, the truck flipped over as it came back onto the highway. Marcotte did not witness the head-on collision as plaintiff’s vehicle obscured his view. Marcotte did not recall seeing the red car encroaching into their lane of travel which plaintiff stated caused him to veer to the right. Marcotte added that plaintiff appeared to be traveling at a lawful rate of speed.
*959 Marcotte’s testimony differed in some respects from that of plaintiff. In particular, Marcotte did not testify that plaintiff’s vehicle maneuvered a great deal on the east shoulder, but rather he stated it quickly returned to the paved roadway after straying onto the shoulder. Plaintiff, on the other hand, testified that his vehicle was sent into a number of spinning maneuvers upon encountering the east shoulder, and was, at one point, almost perpendicular to the highway before darting back across the highway.
After trial on the merits, the trial judge rendered judgment in favor of plaintiff. In his written reasons for judgment, the trial judge stated in part:
“I conclude plaintiff’s truck went onto the shoulder. This is based primarily on the testimony of Marcotte.
* * * * * *
There is no serious question that there was a defective shoulder according to the Rue {Rue v. State, Dept, of Highways, 372 So.2d 1197 (La.1979) case. With the finding that plaintiff went onto the shoulder, it must be concluded that the defect caused the loss of control. Mar-cotte related a 4 to 6-inch dropoff. The pictures tend to substantiate this. Mr. Evans also corroborated this. Marcotte also related an instantaneous return to the improved portion of the roadway. The expert Dart’s opinion about a vehicle with this wheel size being able to regain the pave without incident assumes a slow and deliberate process. Here, we have a reflex reaction which is usually extreme. Moreover, this case involved an abrupt turn back to the left or improved portion of the roadway. The loss of control after going onto the shoulder was practically unavoidable.”
On appeal, DOTD argues that a number of the factual findings of the trial judge were not consistent with the evidence presented at trial.
It is well settled that an appellate court will not disturb the factual findings of the trial judge unless they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Furthermore, great weight is accorded the trial judge’s evaluation of credibility. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
With these principles in mind, we will address the findings reached by the trial judge which are questioned by DOTD.
Although DOTD does not concede that the shoulder of the road was defective, it makes no serious issue on appeal regarding the trial court’s conclusion that at the point of the accident there was a four to six inch drop off between the traveled portion of the highway and the shoulder. DOTD’s principal contention is that the trial court clearly erred in concluding from the evidence that plaintiff’s vehicle strayed onto the shoulder of the road. In this connection, DOTD points to the lack of any physical evidence on the .shoulder of the road which would corroborate the Marcotte version of the maneuver of plaintiff’s vehicle. Specifically, DOTD points to the testimony of State Trooper Casey, the investigating officer, the testimony of Joseph Marcotte and the testimony of Kimball Long, plaintiff’s wife. DOTD submits that, according to the testimony of these witnesses, the east shoulder was soft on the day of the accident and if plaintiff’s vehicle had in fact strayed onto the shoulder physical evidence of his vehicle’s maneuverings would have been evident on the shoulder of the road. The trial judge found that there was insufficient evidence as to the firmness of the east shoulder on the day of the accident to conclude that a Marcotte version of the maneuver of plaintiff’s vehicle onto and off the east shoulder would have left noticeable evidence. DOTD submits this is clear error.
We have examined the testimony of these witnesses, along with that of Mr. Snider, plaintiff’s father-in-law, and find support for the trial judge’s finding that the evidence was inconclusive as to the firmness of the shoulder.
Mr. Snider and Mrs. Long visited the scene of the accident approximately twenty-four hours after its occurrence. Mr. Sni *960 der indicated that the east shoulder was hard. Mrs. Long noted, in her testimony, that the east shoulder was more soft than hard, but was not really soft. Mrs. Long could not find the right word to describe the shoulder’s condition. The same may be said regarding Trooper Casey’s testimony. He observed that the shoulder was not soft but was less than hard. Also, Mr. Mar-cotte indicated that the east shoulder was “kind of soft”.
Mr. Snider was the only witness who was unequivocal about the firmness of the shoulder. Mr. Snider found it to be hard. The other witnesses did not find the shoulder to be hard but did not find it soft either. Undoubtedly, the trial judge considered this evidence and found it to be inconclusive. We discern no clear error in this conclusion.
Another question raised by DOTD, which is related to the one discussed above, concerns the trial judge’s finding that the maneuvers of plaintiff’s vehicle based upon the testimony of Marcotte would not necessarily have left any physical evidence to indicate a straying onto the shoulder.
Although the experts, both for plaintiff and DOTD, Messrs. Evans and Dart respectively, opined that some physical evidence would probably have existed after the accident to indicate plaintiff’s vehicle leaving the paved roadway, apparently the trial court chose to disregard these opinions. We cannot say that he erred in doing so.
The only witness presented at the trial who would have had an opportunity to observe such evidence was the investigating officer, Trooper Casey. Trooper Casey testified that he found no evidence which indicated that plaintiff’s vehicle went onto the east shoulder. However, Trooper Casey stated that he did not immediately investigate the condition of the shoulder since his primary concern was to see that the injured were attended to.
Photographs taken at the accident scene clearly show vehicles detouring the accident scene by passing on the east shoulder while the injured were being extricated from the wrecked vehicles. Trooper Casey was questioned as to whether he had made observations of the east shoulder prior to the detouring vehicles tracking on it and he responded, “I think so.” Obviously, if other vehicles traversed over the shoulder where plaintiff’s vehicle went off, any evidence of his departure from the pavement, such as tire tracks, could have very well been erased. Therefore, there is support for the trial judge’s finding that even though there was a lack of physical evidence on the east shoulder to indicate where the plaintiff’s vehicle went off, it did not preclude the conclusion that plaintiff’s vehicle did stray onto the east shoulder.
Finally, DOTD asserts that the trial court erred in accepting Marcotte’s version of the incident. DOTD questions why Mar-cotte did not inform Trooper Casey, at the scene of the accident, that plaintiff’s vehicle had deviated onto the east shoulder before crossing over to the southbound lane of travel. Marcotte allegedly simply told Trooper Casey that plaintiff’s vehicle was traveling at a high rate of speed and crossed the center line into the southbound lane.
The trial judge noted, in his written reasons for judgment, that Marcotte was not questioned by Trooper Casey as to whether or not plaintiff’s vehicle had strayed onto the east shoulder. Since it did not appear that Marcotte volunteered much information at the accident scene, the trial judge did not find Marcotte’s testimony at trial to be contrary to what he told Trooper Casey, merely more complete.
DOTD points to other inconsistencies in Marcotte’s testimony which it argues the trial judge did not consider. However, we find that the trial judge did fully consider the testimony of Marcotte. The trial judge admitted that there were some minor inconsistencies in Marcotte’s testimony, yet he found no reason for Marcotte to fabricate his testimony. After careful review of the record, we cannot say that the trial judge committed manifest error in his factual *961 findings nor should his evaluations of credibility be disturbed.
DOTD does not, on appeal, question the trial judge’s legal conclusions nor the amount awarded to plaintiff.
For the above and foregoing reasons, the judgment of the trial court is affirmed at defendant’s cost.
AFFIRMED.