COLE, Judge.
This is an appeal from a decision of the Civil Service Commission upholding the demotion of a civil service employee. The primary issue presented is whether or not the Commission erred in the factual findings upon which it based its decision.
Appellant, Clayton Fontenot, is currently employed with permanent status by the Department of Public Safety, Office of State Police, the appointing authority and appellee herein. Prior to the disciplinary action in question he was employed as a State Police Deputy Commander at Troop D. By letter dated June 29, 1982, he was informed of his demotion to the rank of Senior Trooper due to two incidents in which he allegedly prevented subordinates from assisting the Lake Charles City Police (LCCP). In an appeal to the Commission appellant denied these charges. Following a hearing before a referee, the Commission ultimately rendered a decision upholding the disciplinary action taken. Appellant now appeals to this Court.
The following is a summary of the findings of fact made by the Commission. On April 29, 1982 at approximately 1:30 A.M., Sergeant Joseph Valenti, a state policeman assigned to Troop D, observed three juveniles attempting to vandalize a construction site. He requested assistance from Troop D and then apprehended the three suspects. Officer Chester Kowalski of the *1321 LCCP arrived at the scene first and assisted Sergeant Valenti. Shortly thereafter appellant and another trooper arrived. The last to reach the scene were Troopers Ricky Gabbard and Byron Morgan. The situation being under control by this time, appellant, Officer Kowalski and Troopers Gabbard and Morgan stood together talking. While so engaged, Officer Kowalski received a dispatch over his portable radio an officer needed assistance at a gang fight in the 500 block of Enterprise Boulevard, a high crime area. Officer Kowalski rushed to his vehicle and left. Trooper Morgan immediately suggested to Trooper Gabbard they also proceed to Enterprise Boulevard to assist with the disturbance. Appellant instructed them not to go to Enterprise Boulevard. The troopers complied with this order and shortly thereafter resumed their normal duties. Officer Kowal-ski testified the fight was over when he reached Enterprise Boulevard, but a large crowd was still present, which he helped to disperse. Appellant denied both hearing the radio dispatch received by Kowalski and preventing Gabbard and Morgan from rendering assistance.
The second incident involving appellant occurred on May 9,1982. Following a rock concert on that date, a disturbance involving a large crowd occurred on the grounds of the Lake Charles Civic Center. At various times, members of the crowd threw bottles, beer cans, ice and lawn darts. Approximately 20 to 25 arrests were made during this disturbance.
The city police radioed a request for assistance to all law enforcement personnel in the area, indicating officers needed help in a life endangering situation. Upon receiving this dispatch, state policemen Fox, Jones and Thompson each proceeded to the civic center at top speed. Trooper Fox was the first to arrive. As he proceeded toward the top of the knoll, he was called back down by appellant, who instructed him to secure their vehicles.
Sergeant Thompson was the next to arrive on the scene. Upon encountering Trooper Fox, he was informed of appellant’s instructions to secure the vehicles. Although Thompson did not think this precaution necessary, he stayed with the vehicles in accordance with what he understood to be appellant’s instructions.
Trooper Jones was the last trooper to arrive. While making his way to the knoll he assisted two sheriff’s deputies in a struggle with five individuals. When he was nearly at the top of the knoll, appellant verbally called him down to where the other troopers stood with the vehicles.
Throughout the incident appellant milled around in front of the crowd and in sight of the troopers. During this time, scattered confrontations occurred on the knoll between police and members of the crowd. Physical force was required to make several arrests. The closure of the grounds was announced over a bullhorn and everyone was instructed to leave. Shortly thereafter the troopers observed city police and sheriff’s deputies form a skirmish line to force the crowd off the knoll. Several altercations occurred in clear view of the troopers as the skirmish line advanced across the knoll. This involved a period of approximately 8 to 10 minutes. Due to appellant’s instructions, however, the troopers stood by immobile and offered no assistance.
Contrary to the Commission’s findings, appellant testified the situation was already under control when he arrived at the civic center. He contends one city police officer even made a statement to him to this effect. Appellant also maintains he observed no confrontations between police and members of the crowd and did not see the formation of a skirmish line by city police and sheriff’s deputies. Although he admits ordering Trooper Fox to secure the vehicles, he denies prohibiting Sergeant Thompson and Trooper Jones from rendering assistance. Appellant contends the Commission’s findings of fact are manifestly erroneous.
Legal cause for disciplinary action against a permanent, classified civil service employee exists whenever that employee’s conduct is detrimental to the efficient and orderly operation of the public service for which he was employed. Hill v. Dept. of Health and Human Resources, 457 So.2d *1322 781 (La.App. 1st Cir.1984). The appointing authority bears the burden of proving such conduct by a preponderance of the evidence.
When the Commission does not observe the witnesses, but only reviews transcripts or listens to taped testimony, its ability to assess the weight of evidence is no different than that of the appellate court. Carbonell v. Dept. of Health & Human Resources, 444 So.2d 151, 155 (La.App. 1st Cir.1983), writ denied, 447 So.2d 1063 (La.1984). Accordingly, in such cases a less restrictive standard of review than the manifestly erroneous test of Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) is applicable. In such cases the reviewing court must determine only the sufficiency and preponderance of the evidence. Carbonell, supra. This standard of review is applicable in the instant case.
Upon review of the record, we find the Commission’s conclusion appellant prevented troopers under his command from rendering assistance to fellow law enforcement officers is supported by a preponderance of the evidence. The Commission’s factual findings were based upon the testimony of a number of city and state police officers. The only evidence offered in direct contradiction was appellant’s own testimony. The Commission specifically resolved the credibility issue raised by these contradictions against appellant. Based upon our independent review, we find no error in the Commission’s determinations.
Further, we agree appellant’s conduct clearly impaired the efficient operation of the public service for which he was employed. Captain Norman Roy, the commander of Troop D, testified state policemen have a duty to render assistance to fellow law enforcement officers whenever necessary to protect life or property. Such a duty is in fact self-evident from the very nature of the job undertaken by state policemen.
The assistance of the state police may not have been absolutely essential to preventing damage to life and property in either of the two incidents in question. However, it is basically only as a matter of hindsight this can be said. Based on the information available at the times in question, appellant was derelict in not permitting his subordinates to render assistance in two highly dangerous situations.
In addition, Captain Roy indicated appellant’s conduct had a detrimental effect on the working relationship between the state and city police, as well as upon the working relationship between appellant and his subordinates. Following the incidents in question, many city police officers lost confidence in the state police, feeling they could not be depended upon to render assistance when needed. As a result, the morale of the troopers assigned to Troop D suffered. Although these problems proved temporary, the extremely serious consequences of appellant’s conduct is apparent. Accordingly, we find appellant’s demotion justified under the circumstances present.
Appellant, however, contends the disciplinary action taken was too harsh. He argues the hearing referee erred in not accepting Mr. Cliff Cabell as an expert qualified to give an opinion as to the disciplinary action appropriate under the circumstances. Mr. Cabell is a former troop commander, who served approximately 25 years with the state police. In the course of his service, he was often required to make recommendations on disciplinary matters. However, there was no indication as to how often these recommendations were accepted by the appointing authority.
The determination as to whether a witness is qualified as an expert is a matter within the sound discretion of the trial court. Tidmore v. Goudchaux’s, Inc., 444 So.2d 160 (La.App. 1st Cir.1983). This determination will not be disturbed upon appellate review unless it is clearly erroneous. Id.
Mr. Cabell unquestionably has a great deal of practical experience as a state police supervisor and commander. However, there was no indication he was involved with disciplinary matters to such an extent as to qualify him as an expert in this area. Accordingly, we find no error in the exclusion of Mr. Cabell’s testimony, particularly *1323 in view of the wide discretion accorded the lower tribunal in this area.
For the above reasons we affirm the decision of the Civil Service Commission upholding appellant’s demotion. Appellant is to bear all costs of this appeal.
AFFIRMED.