BYRNES, Judge.
This is an appeal from a judgment dismissing the contract claim of Executive Recruitment Inc. (Executive), for a fee allegedly due them by defendant-appellee, Reed & Carnrick Pharmaceuticals.
*474 FACTS
Appellant is a corporation engaged in the business of employee recruiting. In 1982, Thomas Allen, a division manager for Reed & Carnrick contacted Charles Wholtman at Executive for help in filling a vacant position. In August of that year, Mr. Wholt-man contacted Mr. Allen by telephone and mentioned that he had someone who might be right for the position. Pursuant to this conversation, Mr. Allen met with and interviewed Mr. Jerry Breaux on three occasions.
Mr. Breaux was hired on August 16th, 1982. Within a day of hiring Breaux, Mr. Allen contacted Mr. Wholtman to discuss the fee. An invoice for $3,420.00 was forwarded to Reed & Carnrick. Within five days of being hired, Mr. Breaux resigned. Based on this resignation, Reed & Carnrick refused to pay the invoice. Appellant filed suit in First City Court for the City of New Orleans to recover its fee. The trial judge dismissed the action. Appellant’s motion for a New Trial was denied and this appeal followed.
On appeal, Reed & Carnrick argues that because Mr. Breaux was never formally hired, no fee was earned. It is also argued that since Mr. Breaux quit within ten days of being hired a fee was not due.
In the instant case Executive’s representative testified that an oral agreement existed with Reed & Carnrick to hire Jerry Breaux. He stated that the parties agreed to a special fee arrangement without the usual provision for a total or partial refund if the new hiree did not remain for a certain period of time.
Reed & Carnrick’s representative testified that they did agree to hire Mr. Breaux. He also stated that the only discussion of the fee was that a standard fee would be charged in the event Mr. Breaux was hired.
The burden of proof in an oral contract case rests with the plaintiff. Shear v. Castrinos, 327 So.2d 558 (La.App. 4th Cir.1976). To establish a prima facie case for an oral contract greater than $500.00 the plaintiff must prove the existence and terms of said contract by at least one credible witness and other corroborating evidence. Former C.C. art. 2277 present art. 1846; Percy v. Perkins, 468 So.2d 815 (La.App. 1st Cir.1985). The plaintiff may serve as the one credible witness. Strecker v. Credico Financial, Inc., 444 So.2d 783 (La.App. 4th Cir.1984). Further, only general corroborating circumstances are required to support plaintiff’s claim. Floor-N-Wall Distributors, Inc. v. Hirts, 428 So.2d 1103 (La.App. 1st Cir. 1983).
Testimony at trial established that at the time Mr. Breaux was hired, the standard fee, based on his starting salary of $18,-000.00, would have been between $3000.00-$3500.00. The invoice which was eventually presented to Reed & Carnrick was for $3420.00. Thus it appears that a standard fee was charged. Finally, the record shows that the general practice of the industry is to give a full refund of any fee collected if a new hiree either quit or was terminated for just cause within ten days of being hired.
In our opinion, the evidence presented at trial satisfied Executive’s burden of showing that an agreement to hire Mr. Breaux was reached between the parties. Mr. Breaux’s testimony and his W-2 forms indicate that he was in fact hired, despite Reed & Carnrick contentions to the contrary. However, the primary point of disagreement in this case is liability for the fee itself, not the existence of an agreement to hire.
Since the self serving testimony of each party on this issue was diametrically opposed and there was no independent corroboration of either point of view, the trial judge was called upon to evaluate the credibility of the witnesses in reaching his factual conclusions. Absent a showing of manifest error we will not disturb these findings. Long v. State, Through the Department of Transportation and Development, 463 So.2d 957 (La.App. 3rd Cir.1985).
In the instant case, the fact that the fee was within the range customarily *475 charged supports a conclusion that a standard fee arrangement existed. Mr. Breaux quit approximately five days after being hired. As previously discussed, the standard agreement in this business would provide for a refund of any fee collected under these circumstances. Appellant produced nothing but its own testimony as evidence of a “special” arrangement regarding the refund provision. Absent an affirmative showing that the parties agreed to deviate from the standard contract terms, we cannot say that the trial court was manifestly erroneous in applying industry custom and finding that Reed and Carnrick was not liable for a fee.
For the foregoing reasons the judgment below is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.