BYRNES, Judge.
This appeal arises out of an award of Worker Compensation benefits. We affirm.
FACTS
On August 9, 1982, appellee, Leon W. Lee, an employee of appellant, Schweg-mann Brothers Giant Super Markets, Inc., [“Schwegmann”] was injured during a scuffle with an applicant for an open position in Schwegmann’s seafood department. Lee was employed as supervisor of this department. On the day of the incident, a Vietnamese employee of Schwegmann applied to Lee for an opening in his department. Lee ultimately hired someone else, allegedly because the Vietnamese applicant spoke very poor English. Upon learning that someone else was hired, the Vietnamese man went to Lee, and began calling him names and pointing at him. When Lee pushed the man’s hand aside he swung a box cutter at Lee, striking him in the neck. A scuffle ensued.
Lee filed suit against Schwegmann under the Worker Compensation Statutes for the injuries which resulted from this fight.
Prior to trial, both parties stipulated that the minimum compensation rate applicable to this case was $55.00 per week and the maximum rate was $183.00 per week. After a trial on the merits, the judge awarded Lee benefits in the amount of $183.00 per week for one hundred weeks. Schweg-mann brought this appeal.
ASSIGNMENT OF ERROR
Schwegmann contends that under R.S. 23:1081 no benefits should have been awarded because Lee struck the first blow with the willful intent to injure the Vietnamese applicant. We disagree.
In his reasons for judgment, the trial judge found:
An altercation ensued between Leon W. Lee, the claimant, and an employee of Schwegmann Bros. Giant Supermarkets, Inc.
The claimant testified that the Vietnamese employee shoved a finger in his face over a dispute involving the Vietnamese’s desire to work in the seafood department of which the claimant was the supervisor.
The claimant further testified he struck back only after the Vietnamese shoved his finger in his face, after which he was struck on the neck by the Vietnamese with a box cutter, inflicting the injuries complained of to his neck under the left ear and cheek area....
The Court is of the opinion that Mr. Leon Lee, the claimant, did not initiate the altercation. The Court believes Mr. *417 Lee’s version of the incident and that the altercation and incident was proximately caused by the Vietnamese who intentionally struck the first blow. The Court is further of the opinion that the claimant was injured while in the course and scope of his employment with defendant herein.
The trial judge was faced with making a credibility determination as to whether he believed Lee’s version of the story. Unless it is shown that this determination was manifestly erroneous or against the weight of the evidence, we are obliged to accept it as correct. Cadiere v. West Gibson Products Company, Inc., 364 So.2d 998 (La.1978); Treitler v. American Druggists’ Insurance Co., 474 So.2d 475 (La.App. 4th Cir.1985).
We have carefully reviewed the record and find that the trial judge’s conclusions are amply supported by the evidence. Accordingly, we affirm the judgment.
All costs of this appeal are to be borne by appellant.
AFFIRMED.