BYRNES, Judge.
By this appeal Donovan Allen asserts that the trial court erred by ruling in favor of the appellee, City of New Orleans, (City) and denying him recovery for personal injuries. We find no error in this ruling and affirm.
In the early morning hours of October 6, 1984, Allen failed to negotiate a ninety degree turn on Michoud Boulevard in New Orleans East causing the car he was driving to strike a barricade seriously injuring Allen and demolishing his car. Suit was filed against the City claiming that inadequate marking of the curve was the sole cause of the Allen’s accident and that the City was liable for his injuries under theories of negligence and strict liability.
At trial, Allen attempted to prove by expert testimony that the curve was inadequately marked to properly warn motorists of the abrupt turn in the roadway. The expert testified that if the barricade was the only warning of the sharp curve he would consider the roadway to be dangerous and inadequately marked. He further testified that in his opinion, the turn should *638 have been marked by a sign displaying a large arrow indicating the turn. Additionally he stated that a stop sign should have been placed at the turn and “rumble strips” installed in advance of the curve.
In response to Allen’s assertions that the turn was improperly marked, the City offered testimony from an engineering aide for the Traffic Engineering Division of the Streets Department. This witness testified that Streets Department records showed that a large directional arrow sign was installed at the turn prior to the date of the accident. He also described the barricade which Allen hit as having alternate stripes of orange and silver visible from 300 feet. When asked whether Streets Department records indicated that a directional arrow sign at the turn had been replaced after the accident, the witness responded that it had. No witness was able to testify conclusively that the directional arrow sign was missing prior to the accident.
The City also attempted to prove at trial that Allen’s intoxication was the sole cause of the accident. The policeman who investigated the incident stated that Allen “was pretty well intoxicated” when he was questioned shortly after the accident. He further stated that Allen was not charged with D.W.I. because in the policeman’s opinion, Allen had gone “through enough pain and misery”. Despite contradictory testimony which indicated that Allen was not intoxicated at the time of the accident, Allen himself testified that he had “two or three drinks” earlier that evening and could not recall approaching the curve in the road.
After taking the case under advisement, the trial court ruled in favor of the City, absolving it from all liability for Allen’s injuries. In its reasons for judgment, the trial court found as facts that: 1) Allen was solely at fault in causing the accident; 2) the turn was properly marked; 3) Allen was driving while intoxicated, and did not see any turn marker whatsoever.
By his sole assignment of error, Allen asserts that the trial court failed to give adequate weight to his lay and expert testimony in reaching its findings of fact. We do not agree.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings, the appellate court should not disturb those findings in the absence of manifest error. Mushatt v. Barouise, 474 So.2d 511 (La.App. 4th Cir.1985).
In the instant case the testimony of the Streets Department employee revealed that the turn had been marked with a painted barricade and a directional arrow sign prior to the accident. Although the appellant’s expert stated that additional markings should have been in place to properly warn motorists of the curve, the trial court was well within its discretion to conclude from the witnesses testimony that the barricade and directional arrow sign provided adequate warning of the curve. Furthermore, the investigating police officer testified that in his opinion Allen had been drinking prior to the accident, a fact corroborated by the appellant’s admission of having had several alcoholic drinks earlier on the evening of the accident. Moreover, Allen testified that he could not recall approaching the curve and as a result was unable to state which, if any, markings were present and visible to him. Under these circumstances, we conclude that the evidence supported the trial court’s findings of fact.
Given those facts, the trial court correctly determined that the roadway was not unreasonably dangerous and that the City was not negligent in its maintenance and marking of the roadway. We therefore affirm the judgment below and assess the cost of this appeal to the appellant.
AFFIRMED.