517 So.2d 1252 (1987)
Arlmon VANZANT, Jr.
v.
NEW ORLEANS PUBLIC SERVICE, INC., et al.
Beatrice Jones VANZANT
v.
NEW ORLEANS PUBLIC SERVICE, INC., and A.L. Arceneaux.
Nos. CA-7474, CA-7475.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Writ Denied February 5, 1988.
*1253 Joel P. Loeffelholz, New Orleans, for plaintiff-appellant.
Floyd F. Greene, New Orleans, for New Orleans Public Service, Inc. and A.L. Arceneaux.
Vincent J. Glorioso, Jr., Glorioso, Welcker & Zaunbrecher, New Orleans, for Arlmon Vanzant, Jr.
Before GULOTTA, C.J., and SCHOTT and BYRNES, JJ.
BYRNES, Judge.
This appeal arises out of a collision between a streetcar and a van which took place in July, 1977 at the intersection of St. Charles Avenue and General Pershing Street in New Orleans. The van was owned by Arlmon Vanzant Jr. and driven by his ex-wife Beatrice Jones Vanzant. It was hit by a streetcar owned by New Orleans Public Service Inc., (NOPSI) and operated by NOPSI employee A.L. Arceneaux. As a result of the accident, Mr. Vanzant suffered a disabling back injury. He sued NOPSI, the streetcar driver and his ex-wife. The former Mrs. Vanzant also sued NOPSI and the streetcar driver for injuries she allegedly sustained in the accident. Before trial, Mr. Vazant dismissed his claim against his ex-wife with prejudice.
At the close of trial, the judge found that both NOPSI and the former Mrs. Vanzant had been negligent. As a result of these findings, Beatrice Vanzant's suit against NOPSI was dismissed. Mr. Vanzant received judgment in his favor against NOPSI and the streetcar driver in the amount of $534,239.76. NOPSI appeals the judgment finding it liable. Mr. Vanzant also appeals, claiming that the award for lost wages and earning capacity was too low. Beatrice Vanzant appeals the finding that she was negligent. After a careful review of the record, we affirm the trial court's judgement as to liability, but amend the portion dealing with damages.
The most serious dispute at trial was a factual one. NOPSI produced witnesses, including the operator of the streetcar and several passengers, who testified that the Vanzant van made a sudden left turn into the path of the moving streetcar, thus making the collision unavoidable. These witnesses also testified that the streetcar was operating at a slow to moderate speed (somewhere between 5 & 20 mph). On the other hand, the Vanzants and several eyewitnesses testified to a totally different version of the accident. Accordingly to these witnesses, the Vanzant van made a left turn from St. Charles Avenue onto the neutral ground at General Pershing and was stopped on the streetcar tracks waiting to proceed well before the accident took place. These witnesses also testified that the streetcar was traveling at a rapid speed, (more than 20 mph).
In its reasons for judgment the trial court analyzed and resolved the conflicting testimony as follows:
Fact testimony presented by plaintiffs and defendants was entirely contradictory as to the physical condition, movement and speed of the two vehicles involved.
The Court finds that the collision was caused by the fault of both drivers. Mr. Arceneaux was at fault in failing to maintain proper vigilance and traveling at an excessive speed under the circumstances. Mr. Stephen Parker, who witnessed the accident, testified that the streetcar was traveling at a rapid pace and the operator was looking to his right toward Fat Harry's Bar just prior to the accident. Beatrice Jones Vanzant was at fault in entering the auxiliary crossing when another vehicle was partially occupying the intersection, requiring her to stop in the crossing when she knew, or should have known, of the approaching streetcar.
Both NOPSI and Mrs. Vanzant argue that the trial judge committed manifest error by not believing the witnesses which supported their respective versions of the accident. They go to great lengths to point out every conceivable inconsistency in the testimony opposing their point of view, and urge this court to reverse the factual findings of the trial court. After careful review of the record, we decline to *1254 substitute our evaluation of the credibility of the witnesses for that of the trial judge. Without belaboring the point by a minute disection of the testimony, suffice it to say that the record provides a reasonable basis for the factual conclusions of the trial court. This is all the law requires. Allen v. City of New Orleans, 504 So.2d 637 (La.App. 4th Cir.1987), Treitler v. American Druggist's Insurance Co., 474 So.2d 475 (La.App. 4th Cir.1985), Canter v. Koehring Co., 283 So.2d 716 (La.1973).
NOPSI next argues that because the Vanzants were on a joint mission to get medicine for one of their children, Beatrice Vanzant's negligence should be imputed to her ex-husband, thus precluding his recovery under the principles of contributory negligence in effect at the time of the accident. We disagree.
It is not disputed that the Vanzants were going to pick up medicine for one of their children when the accident occurred. However, this alone is not sufficient to impute the negligence of the driver (Mrs. Vanzant) to her passenger (Mr. Vanzant) under the doctrine of joint venture which NOPSI seeks to invoke.
To constitute a joint venture in the operation of a vehicle, there must be more than a joint interest in the object and purpose of the mission, there must also be an equal right, express or implied, on the part of each of the parties to direct or control the conduct of the other in the operation of the vehicle. Squyres v. Baldwin, 191 La. 249, 185 So. 14 (1938); Jack v. Kansas City Southern Railway Co., 392 So.2d 499 (La. App. 4th Cir.1980).
In the present case, no evidence was produced to show that Mr. Vanzant exercised, or could have exercised, any control over his ex-wife's operation of the van. The mere fact that the former spouses were going to the drug store together to get medicine for one of their children does not convert a family errand into a joint venture. Moreover, as the Supreme Court observed in Gaspard v. LeMarie, 245 La. 239, 158 So.2d 149 (La.1963):
It is unrealistic to hold in the present day uses of motor vehicles that the occupant of a motor vehicle has factually any control or right of control over the driving of the operator.
Given this practical reality and the facts of this case, we see no error in the trial court's rejection of NOPSI's attempt to avoid liability by application of the doctrine of joint venture.
NOPSI next argues that the trial court erred by qualifying Luther Cox as an expert in accident reconstruction when he allegedly had no previous experience with streetcars. We disagree. The decision to qualify an expert witness is a matter left to the discretion of the trial court. That decision will not be disturbed on appeal unless the ruling was clearly erroneous as a matter of law. Tidmore v. Goudchaux's Inc., 444 So.2d 160 (La.App. 1st. Cir.1983). Our review of the record convinces us that the trial court did not err by qualifying Mr. Cox as an accident reconstruction expert. NOPSI does not challenge Mr. Cox's basic qualifications, which are extensive. Instead NOPSI complains that Mr. Cox should not have been qualified because he had never testified in a case involving a streetcar, in other words he was not a "streetcar expert". Like the trial judge, we find this argument to be without merit.
Mr. Cox's background as a mechanical engineer would certainly enable him to understand the basic mechanics of streetcar operation, including the braking system. Moreover, Mr. Cox's main concern was the rate at which streetcars could accelerate and decelerate. To determine these rates he used a device known as a decelerometer. No special knowledge of streetcars was necessary to use this scientific device. Under these circumstances, the trial judge did not err by qualifying Mr. Cox as an expert witness in the field of accident reconstruction.
We now turn to the issue raised by Mr. Vanzant's appeal. He argues that his award for loss of past and future earnings was too low given the uncontroverted testimony of Dr. Wolfson, his expert economist. This argument has merit.
*1255 Prior to the accident, Mr. Vanzant was an independent electrical contractor. His income depended on the contracts he received. His business was relatively new and previous earnings figures were therefore of little value in fixing his damages. The uncertain nature of the contractor's business injected an element of speculation into the calculation of Mr. Vanzant's economic losses. However, to compensate for this uncertainty, Dr. Wolfson calculated the loss two different ways. First, he took Mr. Vanzant's actual earnings from contracts up to the accident and calculated the profit margin. He then applied this percentage to other contracts which Mr. Vanzant testified he had received before the accident but could not complete due to his injuries. The combination of these two figures yielded a "contract based" loss figure. Dr. Wolfson then figured Mr. Vanzant's economic loss based on the assumption that he had been employed at an hourly wage consistent with his training as an electrician. The "hourly wage" figure yielded by this calculation was remarkably close to the "contract based" figure.
Dr. Wolfson used these two base figures to calculate Mr. Vanzant's economic loss up to the date of trial and for the remainder of his projected working life. Mr. Vanzant was 26 years old at the time of the accident and had a projected work life of some 35 years. In calculating the present value of the economic loss, Dr. Wolfson deducted an amount which reflected Mr. Vanzant's ability to work at a sedentary job paying the federal minimum wage. He also factored in projected fluctuations in income based on age and discounted his totals to approximate their present day value. The figures thus reached were $870,605.00 for the "contract based" loss and $808,212.00 for the "hourly wage" base. The trial judge only awarded $400,000.00.
Our review of the record reveals no flaw in Dr. Wolfson's economic reasoning. His factual assumptions appear to be supported by the record and his economic assumptions by Department of Labor statistics and projections. Counsel for NOPSI did not challenge Dr. Wolfson's economic reasoning on cross examination. Instead he posed hypothetical questions in an attempt to show that the expert's assumptions were faulty or subject to more than one interpretation. Given the testimony of Dr. Wolfson and the lack of any evidence contradicting his conclusions, we cannot see how the trial judge justified an award which was less than half of the lowest amount calculated by Dr. Wolfson.
Although much discretion is given to the trial court in assessing damages (C.C. Art. 1934(3)), damage awards are nonetheless subject to appellate review when the record clearly shows that the trial court abused its discretion in making its award. Reck v. Stevens, 373 So.2d 498 (La.1979). However, even where the trial court is found to have abused its discretion, an appellate court can only raise (or lower) the award to the highest (or lowest) point which was reasonably within the trial court's discretion. Coco v. Winston Industries, 341 So. 2d 332 (La.1977).
Based on the facts outlined above, we find that the trial court abused its great discretion in this case by not awarding an amount consistent with the testimony of the only expert economist to appear at trial. The lowest award supported by that testimony and the remainder of the record is $808,212.00. Therefore, both judgments are affirmed, but the judgment in favor of Arlmon Vanzant is amended to increase the amount awarded to Mr. Vanzant for lost earnings and earning capacity to $808,212.00. Costs of this appeal are to be paid by NOPSI.
AFFIRMED IN PART AND AMENDED IN PART.
GULOTTA, C.J., concurs.
GULOTTA, Chief Judge, concurring.
I concur.
On the liability question, at first impression it would appear that the nature of this accident compels a determination that either the automobile driver or the street car operator was negligent. However, the trial judge concluded in this pre-comparative negligence case that both drivers were concurrently *1256 negligent. His reasons for judgment are supported by the record. Under these circumstances, I concur in the result.