432 So.2d 968 (1983)
Mrs. Ida Mae BUTLER
v.
The K-MART CORPORATION and ABC Insurance Co.
No. CA-0467.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1983.
Bernette Joshua Johnson, New Orleans, for plaintiff-appellant.
E. Phelps Gay, Christovich & Kearney, New Orleans, for defendants-appellees.
Before LOBRANO, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiff Ida Mae Butler from a summary judgment granted in favor of defendant K-Mart Corporation.
On June 6, 1980, plaintiff was preparing to shop in a store owned by defendant. As she was standing by the front door of the store, a suspected shoplifter flung open the door and ran out of the store. The door hit plaintiff in the chest and threw her against another woman who was standing nearby. Plaintiff filed suit against defendant for damages. Defendant moved for summary judgment, which was granted by the trial court. It is from this decision that plaintiff now appeals.
Defendant filed the summary judgment motion on the basis of depositions taken of the plaintiff and Norman Caesar, a security officer who was on duty at the time of the incident. Plaintiff's deposition set forth the facts as stated above. A review of her deposition reveals that at no time did she state that she actually saw the security guard chase the shoplifting suspect out of the store. She saw the security guard only in the parking lot and not inside the store.
Caesar stated in his deposition that he first observed the shoplifting suspect when *969 he ran through the door, knocking plaintiff down. He said that it was at this time that the assistant security manager ran outside after the suspect. He stated unequivocally that the shoplifting suspect had fled without being chased by anyone in the store.
Summary judgment is provided for by article 966 of the Louisiana Code of Civil Procedure and is to be granted when a reasonable mind must conclude there is no genuine issue of material fact, and that the mover is entitled judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proving this error as to the material facts is on the mover and any doubt will be resolved against the granting of summary judgment. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Jewell v. Thompson, 386 So.2d 689 (La.App. 3d Cir.1980).
In the case before us, the depositions of plaintiff and Caesar were introduced by the defendant in support of the motion for summary judgment. Nothing was introduced by the plaintiff to rebut the allegations contained in defendant's motion. In the court below, plaintiff based her argument against summary judgment on the ground that the store owed the plaintiff a duty to protect her from acts of third persons while on the premises. The trial court ruled in favor of defendant.
On appeal, plaintiff argues that the store is negligent because its employee began to chase a suspected shoplifter while in the store, thereby creating a dangerous situation. The defendant argues that the depositions given by plaintiff and Caesar do not support the plaintiff's assertion that the store employees began to chase the suspect while he was still in the store. The deposition given by plaintiff does not support her argument. She stated that she saw the suspect being chased by the guard only in the parking lot. She was outside of the store and did not see what happened before the suspect left the building. No other evidence was introduced below to indicate that any store employee chased the suspect while he was still in the store. Based on the information in the deposition given by Caesar and plaintiff, it was not unreasonable for the trial court to conclude that the store employee did not begin to run after the shoplifting suspect until he was in the parking lot.
A store owner owes a duty to its patrons to take reasonable care for their safety, but is not the insurer of the patron's safety. Phillips v. Equitable Life Assur. Co., 413 So.2d 696 (La.App. 4th Cir.1982). A proprietor of a public place has a duty to protect its patrons from injuries caused by third parties when it is within its power to do so. Cooper v. Ruffino, 172 So.2d 717 (La.App. 4th Cir.1965).
The incident causing the injury suffered by plaintiff was not foreseeable by defendant. Although it is arguable that shoplifting is a foreseeable occurrance, the likelihood that a shoplifter would bolt from the store, throw open a door and injure someone is remote. Defendant cannot be held liable for the actions of a shoplifting suspect in this case.
Summary judgment can avoid delay and expense for both litigants and the court if it is appropriate. If the procedure is to have meaning, it must be applied in cases such as this where it is obviously warranted.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.