WILLIAMS, Judge.
Brenda Toups, plaintiff-appellant, filed suit against Liberty Mutual Insurance Company [“Liberty”], defendant-appellee, alleging a breach of contract for its failure to reimburse her for facial scar revision surgery under the medical payments provision in her policy. Liberty filed a Motion for Summary Judgment asserting: (1) a settlement agreement under the uninsured motorist coverage provision in the policy released Liberty from its obligation to pay for the scar revision and (2) the claim for the scar revision was not presented under the medical payments coverage section of the policy within one year from the date of the accident. From the trial court’s decision granting summary judgment in favor of Liberty, Toups brings this appeal.
On December 30, 1982, Toups suffered facial injuries in an automobile accident with an uninsured motorist. Toups’s policy at the time of the accident provided both uninsured or underinsured motorist coverage and medical payments coverage. Toups settled her claim against Liberty pursuant to the uninsured motorist coverage provision of her policy for $9,000.00. Subsequent to the settlement, Toups filed a claim against Liberty under the medical payments provision of the policy in the amount of $1,450.00 as expenses for facial scar revision surgery. Liberty defended the claim and was granted summary judgment.
The issue on appeal is whether Toups, by settlement of her tort claim under the uninsured motorist provision in her policy, waived her right to proceed against Liberty under the medical payments provision.
Toups maintains that a careful reading of the settlement agreement indicates that it refers only to claims “under the uninsured motorist coverage of its policy.” The conspicuous absence of any reference to the medical payments provision in the settlement agreement, she argues, is sufficient to support her position that she had no intention of releasing her claim against Liberty under the terms of this provision. Liberty contends that the settlement agree *1291 ment contemplated all possible future surgery, especially the scar revision surgery. In support of its position, Liberty submitted a copy of the settlement agreement as well as a letter sent by Toups’s counsel requesting a settlement of her claim.
In the Release and Trust Agreement signed by Toups, she acknowledged the receipt of $9,000.00 for settlement of her claim and agreed to release Liberty for “... all claims, known or unknown, that the undersigned may ever have against Liberty under the uninsured motorist coverage of its policy ... arising out of an accident that occurred on the 20th day of December, 1982 ...” A letter sent by Toups’s counsel to Liberty requesting a settlement of her claim states that “at this time, in view of the original trauma as well as the resulting scar, and the possibility of future surgery as indicated by the dental surgeon herein I would make demand upon you to settle the case ...” (Emphasis added).
Summary judgment is provided for by Article 966 of the Louisiana Code of Civil Procedure and is to be granted when there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proof is on the mover and any doubt will be resolved against the granting of summary judgment. Butler v. K Mart Corporation, Inc., 432 So.2d 968, 969 (La.App. 4th Cir.1983).
We find that Liberty has met its burden in establishing that there are no material facts at issue. The settlement agreement provides that Toups agreed to release all claims “known or unknown” that she may have against Liberty under the uninsured motorist coverage provision in her policy. While we find the settlement agreement alone is sufficient to deny coverage, the settlement offer in Toups’s letter which refers to “resulting scar” and “future surgery” resolves any doubt as to the parties’ intention. The evidence is clear that the $9,000.00 settlement agreement includes compensation to Toups for future scar revision surgery.
We do not agree with Toups that it was necessary to include an express waiver in the settlement agreement before she relinquished her rights against Liberty under the medical payments provision in her policy. To allow two claims under separate provisions in one policy for the same damage would constitute double recovery. On the issue of double recovery, the court in Hawayek v. Simmons, 91 So.2d 49 (Orl.App.1956), stated:
"... we do not believe that plaintiff is entitled to recover both under the medical payments clauses and the liability clauses for medical expenses incurred in one and the same accident. It would be inequitable to construe the policy contract so as to allow the plaintiff to collect double the amount of his damage. It strikes us that a reasonable interpretation of the policy clauses would be that plaintiff had the choice of either claiming the amount of the medical expenses under the medical clauses or the liability clauses of the policy, but certainly not under both.” Id. at 56.
Whether Toups expressly waived her rights under the medical payments provision is irrelevant because recovery under the uninsured motorist provision for facial scar revision surgery precludes recovery under the medical payments provision for the same injury.
We have determined that the settlement includes expenses for facial scar revision surgery and that the trial court properly granted summary judgment in favor of Liberty. Therefore, it is not necessary for us to address Toups’s argument whether the medical claim was presented within one year of the date of the accident.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.