GAUDIN, Judge.
Appellants are the surviving children of the late Walter Tabary Sr., who was knocked down and seriously injured while in the D.H. Holmes store at the Lakeside Shopping Center, Metairie, Louisiana. Mr. Tabary was struck by a fast-moving and unidentified male who fled the accident scene.
On July 29, 1985, a petition was filed in the 24th Judicial District Court which alleged in paragraph VII:
“Your petitioners allege that the defendants were jointly, severally and solidarity negligent in the premises, and particularize, but do not intend to limit, the negligent acts and/or omissions of the defendants, as follows, to-wit:
“a.) Failure to maintain a safe enviomment for invitee-customers;
“b.) Failure to provide adequate or adequately trained security personnel to prevent accidents of the kind described hereinabove;
“c.) Create a dangerous and hazardous condition and enviomment for invitee-customers by numerous distractions consisting of sights, sounds, odors, advertis-ings, merchandising encouragements, and others, all of which combine to distract and/or confuse persons, or excite and aggetate persons, or otherwise causes persons to neglect or ignore the usual and customary care and courtesy expected.
“d.) Failure to obtain all of the pertinent and necessary information regarding the above described accident;
“e.) Excessively delaying the investigation of the above described accident;
“f.) Negligently allowing participants in the said acident and witnesses to leave and be unidentified;
“g.) And, as may otherwise be shown at trial.”
An exception of no causé of action was maintained, but on appeal to this Court, the plaintiffs were authorized to file a supplemental and amending petition. 499 So.2d 1174.
Such a petition was filed on October 2, 1987. Another exception of no cause of action was filed, which was maintained by the district judge on February 8,1988. After a motion for a new trial was denied, this appeal ensued. We affirm.
Generally, the October 2, 1987 pleading charged D.H. Holmes with having an inadequate number of security guards, having an insufficient and defective traffic flow pattern, having untrained employees, etc. The plaintiffs argue that the physical assault on Mr. Tabary was predictable and should have been prevented.
An exception of no cause of action addresses itself to the legal sufficiency of the petition. All well-pleaded allegations are accepted as true regarding the merits of the exception.
*528 In Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984), the Supreme Court of Louisiana discussed at length Louisiana’s duty-risk analysis in determining tort responsibility and also the pertinent law from other jurisdictions. In this state, the important inquiries concerning liability are (1) whether the conduct complained of was a cause-in-fact of the injury, (2) whether the defendant had a duty to prevent the harm and (3) whether that duty was breached. In Harris, the Supreme Court decided that a security guard in a high crime area breached a duly owed to customers by being inside the store eating a salad rather than being outside and clearly visible to potential armed robbers. The robbery occurred between 9 PM and 10 PM, called “the period of greatest danger at the restaurant.”
Not all injuries, however, are foreseeable. In Sutter v. Audubon Park Commission, 533 So.2d 1226 (La.App. 4th Cir.1988), the Fourth Circuit found the commission not responsible for a shooting in one of the park’s restroom facilities because the danger was not predictable; consequently, the commission had no legal duty to provide special protection..
Here, the district judge did not see any connection between Mr. Tabary’s being knocked down and the alleged breaches of duty as set forth in the pleadings. A store owner has to provide a reasonably safe environment under prevailing circumstances, but the owner’s duty does not encompass all risks. A man suddenly running recklessly through a department store does create a danger to shoppers but not one that could be guarded against or prevented. In Butler v. K-Mart, 432 So.2d 968 (La.App. 4th Cir.1983), the court said at page 969:
“A store owner owes a duty to its patrons to take reasonable care for their safety, but is not the insurer of the patron's safety. Phillips v. Equitable Life Assur. Co., 413 So.2d 696 (La.App. 4th Cir.1982). A proprietor of a public place has a duty to protect its patrons from injuries caused by third parties when it is within its power to do so. Cooper v. Ruffino, 172 So.2d 717 (La.App. 4th Cir.1965).
“The incident causing the injury suffered by plaintiff was not foreseeable by defendant. Although it is arguable that shoplifting is a foreseeable occurrence, the likelihood that a shoplifter would bolt from the store, throw open a door and injure someone is remote. Defendant cannot be held liable for the actions of a shoplifting suspect in this case.
“Summary judgment can avoid delay and expense for both litigants and the court if it is appropriate. If the procedure is to have meaning, it must be applied in cases such as this where it is obviously warranted.”
The instant appellants complain because they were denied discovery, but there are no discoverable facts that would make the claim against D.H. Holmes actionable.
The trial judge, in maintaining the second exception of no cause of action, prevented further delays and needless costs. He acted in accord with Butler v. K-Mart, supra. We cannot say he erred.
AFFIRMED.