576 So.2d 1213 (1991)
Marilyn RUSSELL and Lawrence Russell
v.
McDONALD'S CORPORATION, Lumberman's Mutual Casualty Company and Alex Wicker.
No. 90-CA-711.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1991.
*1214 George B. Recile, New Orleans, for plaintiffs-appellants.
Joseph Maselli, Jr., Plauche & Maselli, New Orleans, for defendants-appellees, McDonald's Restaurants of Louisiana, Inc. and Lumberman's Mut. Cas. Co.
Before BOWES and GRISBAUM, JJ., and NESTOR L. CURRAULT, J. Pro Tem.
BOWES, Judge.
Marilyn Russell and her husband Lawrence Russell filed this suit for damages resulting from an incident in which Mrs. Russell was assaulted and her purse was stolen while she was attempting to enter a McDonald's Restaurant located at 6140 Westbank Expressway, Marrero, Louisiana. Named as defendants in the suit were McDonald's Restaurants of Louisiana, Inc. (hereinafter McDonald's), Lumberman's Mutual Casualty Company, as liability insurer of McDonald's and Alex Wicker.
The cause of action against Wicker was severed from the suit prior to trial. After trial on the merits, the trial court rendered judgment in favor of McDonald's and Lumberman's and against plaintiffs, dismissing their suit. The Russells have appealed and allege as error the following:
1. The trial court erred in failing to find that McDonald's breached its duty of care to Mrs. Russell and was, therefore, liable for plaintiffs' damages; and
2. The trial court erred in failing to set the matter for hearing after granting plaintiffs' motion for new trial.
For the reasons expressed below, we affirm.

*1215 FACTS
On February 25, 1988 at approximately 7:00 a.m., Mrs. Russell and her mother-in-law drove to the McDonald's in Marrero. As they approached the doors to enter, Alex Wicker left the restaurant. He attacked Mrs. Russell in an attempt to take her purse. Wicker knocked Mrs. Russell to the ground and then started hitting and choking her. Mr. Milton Veazie, a patron, ran to Mrs. Russell's assistance. After Veazie pulled Wicker off of Mrs. Russell, Wicker fled the scene.
At the trial, it was established that there had been numerous assaults, purse snatchings and robberies during November and December of 1987 at this location. Each of these incidents had occurred at night and at the drive-up window of the restaurant. As a result, for a period of approximately six weeks, McDonald's hired several Jefferson Parish deputies who worked undercover during the evening hours when the restaurant was open. This protection detail was terminated by McDonald's on February 17, 1988. Since there were no further crimes committed during this period of time, McDonald's action in terminating the extra protection at this time seems entirely justified.
In addition, Ms. Debra DeJean testified that, in February 1985, she was a victim of an assault which occurred as she exited the restaurant after eating lunch.

ANALYSIS

Issue of McDonald's Liability
To prevail in a negligence action, the plaintiff must prove that 1) defendant's conduct was a cause-in-fact of the plaintiff's harm; 2) defendant owed a duty of care to protect plaintiff against the risk of harm involved; 3) defendant breached that duty; and 4) plaintiff incurred actual damages as a result of the breach. Harris v. Pizza Hut, 455 So.2d 1364 (La.1984); Tabary v. D.H. Holmes Co., Ltd., 542 So.2d 526 (La.App. 5 Cir.1989).
In the present case, cause-in-fact has not been argued on appeal. The contested issue is whether McDonald's owed a duty to Mrs. Russell to protect her from the risk of assault, and whether McDonald's breached that duty.
The standard of care was set forth in Ballew v. Southland Corp., 482 So.2d 890 (La.App. 2 Cir.1986).
A business establishment such as the Southland Corporation owes a duty to its patrons to exercise reasonable care to protect them from injury. This duty does not extend to unforeseeable or unanticipated criminal acts by independent third persons. Only when the owner, management or employees of a business have or should have knowledge of a third person's intended injurious conduct that is about to occur and which is within the power of the owner, management or employees to protect against, does the duty arise. Banks v. Hyatt Corp., 722 F.2d 214 (5th Cir.1984); Rodriguez v. NOPSI, 400 So.2d 884 (La.1981); Davenport v. Nixon, 434 So.2d 1203 (La.App. 1st Cir. 1983). When the independent, intentional, tortious or criminal acts of third persons constitute the unreasonable risk, the duty can be discharged by summoning the police at the time the proprietor knows or should reasonably anticipate that the third person poses a probable danger. Rodriguez v. NOPSI, supra; Guidry v. Toups, 351 So.2d 1280 (La. App. 1st Cir.1977), writ denied 353 So.2d 1036 (La.1978); Anderson v. Clements, 284 So.2d 341 (La.App. 4th Cir.1973). 482 So.2d at 893 (footnote omitted).
See also Coblentz v. North Peters Parking, Inc., 533 So.2d 98 (La.App. 4 Cir.1988).
Our review of the evidence presented in this case convinces us that the criminal acts of Mrs. Russell's assailant were not foreseeable and could not have been anticipated by the employees of McDonald's.
McDonald's security policy provides that the store manager make a tour of the premises approximately once every thirty minutes to observe customers for anything unusual. On the day in question, the manager of McDonald's did not remember noticing anything unusual. Mr. Veazie, plaintiffs' witness, testified that he arrived at *1216 McDonald's five minutes before the attack occurred. He knew the assailant, Alex Wicker, and also knew that the assailant had a criminal record. He also testified that Wicker was sitting at a table with another young man; however, according to Veazie, he was not acting in a suspicious, objectional, or unruly manner. Mr. Veazie stated that, while he was there, the manager made her customary pass through the premises, but apparently the manager had no reason to ask Wicker to leave or to be suspicious of him at that time.
The next inquiry is whether McDonald's breached its duty to Mrs. Russell by its failure to employ security personnel.
McDonald's had a duty to provide a restaurant that was reasonably safe for the purchase and consumption of food by patrons. Harris v. Pizza Hut, supra; Foster v. Col. Sanders Ky. Fried Chicken, 526 So.2d 252 (La.App. 2 Cir.1988) writ den. 531 So.2d 483 (La.1988). However,
... a restaurant is not obligated to hire a security guard or to take other precautions against crime unless it decides or should decide that ordinary police protection is inadequate. The duty therefore does not extend to the protection of customers from the criminal acts of third parties unless the risk of crime on the premises was sufficiently foreseeable to require special protection through security measures. Foster, supra at 258.
Plaintiffs alleged that the risk of crime at the Marrero location of McDonald's was sufficiently foreseeable to require additional security measures. In support of their allegation, plaintiffs presented the testimony of Wade Schindler, who qualified as an expert in security. He stated that he was a security consultant with Orleans Regional Security Institute. After analyzing information from the crime analysis division of the Jefferson Parish Sheriff's office and the Jefferson Parish neighborhood analysis, he concluded that it was foreseeable that patrons of McDonald's could or would be victims of violent crimes and that McDonald's should have provided security.
The defendants presented the testimony of Raymond Pendleton, who also qualified as an expert in security. He testified that he had been an independent security consultant for the prior three and a half years. Prior to that time, he was president of several family-owned security businesses. After analyzing crime statistics from the Jefferson Parish Sheriff's office, incident reports of McDonald's and Jefferson Neighborhood Analysis Reports, he concluded that McDonald's had adequate security protection at the time of the incident and that it was not foreseeable that McDonald's daytime patrons would be the victims of violent crimes.
Faced with this testimony, the trial judge chose to accept the evidence of Mr. Pendleton and he concluded that the risk of crime at McDonald's, during the daylight hours when this crime occurred, was not sufficiently foreseeable to require McDonald's to provide additional security measures at its Marrero location. In addition, the fact that McDonald's did employ additional undercover security at its own expense for some time shortly prior to this incident (after a series of nighttime incidents similar to this one) shows alertness on McDonald's part and their willingness to protect their customers adequately if the circumstances indicated a necessity for this action. This fact reinforces the decision of the learned trial judge.
A court of appeal may not set aside a finding of fact made by the trial court in the absence of manifest error or unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no such manifest error in the trial court's choice of evidence presented nor its ruling in this case.

Issue of Hearing on Plaintiffs' Motion for New Trial:
After the rendition of final judgment, plaintiffs filed a motion for new trial. The trial court held a hearing on plaintiffs' motion *1217 and granted a new trial to allow the introduction of a deposition and to allow the court to reconsider its judgment. The trial court then again rendered judgment in favor of defendants without holding an additional hearing or "trial."
LSA-C.C.P. art. 1971 gives a trial judge the authority to grant a new trial "to all or any of the parties and on all or part of the issues, or for reargument only." Implicit in this authority is the power to define and limit the scope of that new trial. Devillier v. Traders & General Insurance Company, 321 So.2d 55 (La.App. 3 Cir. 1975) writ den. 325 So.2d 273 (La.1976).
LSA-C.C.P. art. 1977 states that "When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practices of the court." LSA-C.C.P. art. 1978 states in pertinent part that "When a new trial is granted for reargument only, no evidence shall be adduced."
The record shows that, at the hearing on the motion for new trial, the trial judge also heard reargument of the case by counsel for both appellants and appellees.
Because the trial court limited the scope of the new trial to only the admission of one deposition and for reconsideration, appellants were not entitled to submit any other additional evidence.
Accordingly, while the new trial was not set for a day which was different than that of the hearing on the motion for new trial, the appellants were allowed reargument prior to the trial court's rendition of judgment. Therefore, we believe that the appellants were not deprived of any rights nor were they prejudiced by the manner in which the trial court handled the rehearing and, therefore, we see no reversible error in the trial court's failure to hold an additional hearing or "new trial." The reasons for judgment given by the trial judge after he heard additional argument and considered additional evidence, and/or re-evaluated the points advanced by plaintiffs, reinforces our conclusion.
Accordingly, the judgment rendered in favor of defendants, dismissing plaintiffs suit, is affirmed. All costs are assessed against appellants.
AFFIRMED.