788 So.2d 713 (2001)
Vicki M. MILLET
v.
TREASURE CHEST CASINO L.L.C., ABC Insurance Company, Edwin Carter, DEF Insurance Company, GHI Security Company, and JKL Insurance Company.
No. 00-CA-1843.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2001.
*714 Renee C. Gluth, Baton Rouge, LA, Counsel for Defendants-Appellees.
Gary N. Boutwell, III, J. Thomas Anderson, Hammond, LA, Counsels for Plaintiff-Appellant.
Court composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD and PHILIP C. CIACCIO, Pro Tempore.
PHILIP C. CIACCIO, J. Pro Tem.
This is an appeal from a ruling of the trial court granting defendants' exception of no cause of action, thereby dismissing plaintiffs claims with prejudice.[1] For the reasons stated herein, we affirm the trial court's judgment.
Plaintiff, Vicki M. Millet, brought this petition for damages on May 19, 2000 against Treasure Chest Casino, L.L.C., Edwin Carter, a security guard employed at the casino, and their respective insurers. Plaintiff alleged in this petition that on November 6, 1999, her husband, Shaun P. Millet, was a patron at the casino when he became too intoxicated to drive home. He *715 was detained by defendant Carter, a casino security guard, while representatives of the casino telephoned plaintiff to pick up Mr. Millet. While plaintiff was en route to the casino, Mr. Millet was escorted to his vehicle by the security guard, ostensibly to retrieve his jacket. Instead, Mr. Millet obtained a pistol from his vehicle and shot himself fatally in the head. Plaintiff alleged that this incident was caused by the negligence of defendants in failing to properly monitor a guest in their custody.
In response to this petition, defendants filed a peremptory exception of no cause of action on the basis that Louisiana law does not provide a remedy under the factual allegations of plaintiffs petition. Following a hearing, the trial court granted this exception and issued the following reasons for judgment:
On August 25, 2000, the Court heard the Treasure Chest and Edwin Carter's Exception of No Cause of Action regarding the suicide of Shaun P. Millet. Accepting all well pleaded facts in the petition as true for the purposes of this exception, the Court finds that neither the Treasure Chest nor its employee assumed a legal duty to protect Mr. Millet from self-inflicted harm when there was no notice alleged that Mr. Millet intended to commit suicide. In addition to the reasons orally assigned, the Court further finds that Mr. Millet's unexpressed suicidal ideation did not create a duty for the Treasure Chest or its employee. Under the facts alleged, Mr. Millet's act was not foreseeable. Accordingly, defendants' exception is granted dismissing plaintiff's claims with prejudice.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 241. It questions whether the petition sufficiently alleges grievances for which the law affords a remedy. Lewis v. Aluminum Co. of America, 588 So.2d 167, 169 (La.App. 4th Cir.1991), writ denied, 592 So.2d 411 (La.1992). The reviewing court is to make a de novo determination because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. When reviewing the exception, the well-pleaded facts of the petition are accepted as true. Id. Thus, assuming that all the facts in plaintiffs petition are true, this court must determine if the plaintiff has a cause of action.
To determine whether a plaintiff may recover damages under La. C.C. art. 2315, courts traditionally employ a duty-risk analysis, which requires affirmative answers to the following questions:
1) Was the conduct in question a cause-in-fact of the resulting harm?
2) Did the defendant owe a duty to the plaintiff?
3) Was the duty breached?
4) Were the risk and the harm caused within the scope of protection afforded by the duty breached?
Entrevia v. Hood, 427 So.2d 1146 (La. 1983); Bordelon v. St. Frances Cabrini Hosp., 93-1331 (La.App. 3 Cir. 5/4/94), 640 So.2d 476; Roberts v. Benoit, 605 So.2d 1032 (La.1991).
On appeal, plaintiff contends that once defendants detained Mr. Millet and prevented him from driving home, they assumed a duty to keep him safe until his wife reached the casino. Plaintiff further argues that by detaining him, defendants were aware that Mr. Millet was in a condition where he may harm himself or others, and that defendants negligently allowed him to do the very thing they were trying to prohibit.
*716 We have not found, nor has appellant cited, any Louisiana statutes or jurisprudence which articulates the duty of a casino owner with respect to preventing patrons from committing suicide or otherwise harming themselves. The law provides a general duty as to one of reasonable care on business owners to protect its patrons from injury, although business owners are not held to be insurers of their patrons' safety. Butler v. K-Mart Corporation, 432 So.2d 968 (La.App. 4 Cir.1983); Toups v. Hawkins, 518 So.2d 1077, 1081 (La.App. 5 Cir.1987). There is no set rule for determining the scope of the duty owed. It is ultimately a question of policy as to whether the particular risk falls with the scope of the duty. Roberts v. Benoit, supra.
In order to prevail in this negligence case, plaintiff must prove, among the other elements of negligence, that defendants' duty to protect its patrons encompasses the risk that a patron might deliberately inflict a fatal injury on himself. The question presented in this case then is whether defendants reasonably should have reasonably foreseen or anticipated the danger that Mr. Millet would attempt to harm himself by retrieving a gun out of his vehicle and fatally shooting himself. After a careful review of the record in this case, we agree with the trial judge that the incident giving rise to plaintiff's petition was not foreseeable by defendants.
On the face of the petition, there are no factual allegations that the employees of the Treasure Chest knew, should have known, or could have known of Mr. Millet's intention to commit suicide. The petition contains no allegations that Mr. Millet indicated that he was depressed or threatened to kill himself. There are no allegations in the petition that the Treasure Chest had any type of specialized experience to protect Mr. Millet from committing suicide. There are no allegations that Treasure Chest was aware that Mr. Millet had a gun in his car or that he indicated he was intending to retrieve it and use it.
Further, by providing security to detain intoxicated patrons from driving home, the Treasure Chest did not assume a duty to protect the patrons from the unforeseeable self-inflicted harm which occurred in this case. Given the fact that there were no allegations of the deceased's suicidal intentions and that Mr. Millet deliberately inflicted harm on himself, this act was neither foreseeable for easily associated with the business owner's general duty to protect its patrons from injury. Therefore, it was not encompassed in the duty owed to Mr. Millet by defendants.
Accordingly, for the reasons assigned herein, we conclude that plaintiff has failed to state a cause of action against these defendants. The judgment of the trial court is therefore affirmed.
AFFIRMED.
NOTES
[1] Defendants initially filed a motion to dismiss this appeal on the basis that there was no signed judgment in the record and the appeal was therefore premature. However, the record was subsequently supplemented with the signed final judgment, and thus the defect of a premature appeal was cured. Barillas v. Carrion, 96-746 (La.App. 5 Cir. 3/25/97), 692 So.2d 1217. Defendants' motion to dismiss the appeal is therefore denied, and we will consider the merits of plaintiff's appeal.