2McMANUS, Judge.
At issue in this consolidated case, is whether the trial court erred in granting the defendants’ exception of no cause of action. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff filed the instant suit on her daughter, Victoria Lynn Millet’s, behalf arising from the same incident as her original petition for damages. The following facts are taken from Millet v. Treasure Chest Casino L.L.C., 00-1843 (La.App. 5 Cir. 5/30/01), 788 So.2d 713, writ denied, 01-1908 (La.10/5/01), 799 So.2d 485.
In this case, plaintiff, Vicki M. Millet, filed a petition for damages (on her own behalf) on May 19, 2000 against Treasure Chest Casino, L.L.C., Edwin Carter, a security guard employed at the casino, and their respective insurers. This action was dismissed on an exception of no cause of action and affirmed by this Court in Millet v. Treasure Chest Casino L.L.C., 00-1843 (La.App. 5 Cir. 5/30/01), 788 So.2d 713, writ denied, 01-1908 (La.10/5/01), 799 So.2d 485. The two cases were consolidated by the trial court.
The petition alleged that on November 6, 1999, her husband, Shaun P. Millet, was a patron at the casino when he became too intoxicated to drive home. He was detained by defendant Carter, a casino security guard, while representatives of the casino telephoned plaintiff to pick up Mr. Millet. While plaintiff was on her way to the casino, Mr. Millet was escorted to his vehicle by the security guard, ostensibly to retrieve his jacket. Instead, Mr. Millet obtained a | -¡pistol from his vehicle and fatally shot himself in the head. Plaintiff alleged that this incident was caused by the negligence of defendants in failing to properly monitor a guest in their custody. In response to this petition, defendants filed a peremptory exception of no cause of action on the basis that Louisiana law does not provide a remedy under the factual allegations of plaintiffs petition. Following a hearing on November 30, 2000, the trial court granted this exception and issued the following reasons for judgment:
In addition to the reasons orally assigned, and accepting all well pleaded facts in the petition as true for the purposes of this exception, the court found that neither the Treasure Chest, nor its employee, had a legal duty to protect against the harm incurred by Shaun P. Millet. As a result, no action lies under La.C.C. Article 2315.1 or La.C.C. Article 2315.2.
Whether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the *177 relationship of parties. In order to assert a cause of action for breach of duty to protect another person from suicide, a “guardian relationship” must exist between the parties. Jurisprudence does not recognize the relationship between a patron and a business owner as one in which the “guardian relationship” exists. Consequently, neither the Treasure Chest Casino, nor its employee, Edwin Carter, had a duty to protect Shaun P. Millet from committing suicide.
Furthermore, neither Treasure Chest Casino, nor its employee, Edwin Carter, knew or should have known of Shaun Millet’s intention to commit suicide. The actions taken by Shaun P. Millet were not foreseeable. Treasure Chest Casino and Edwin Carter had no knowledge, nor should they have known, that Shaun P. Millet had a pistol in his vehicle which he would use to commit suicide.
Lastly, this Court finds that the filing of the Petition for Damages in this matter is sanctionable under La. C.C.Pro. Article 863. The cause of action set forth in the plaintiffs Petition for Damages is not warranted by existing law, a fact known by plaintiffs attorney, Gary N. Boutwell, in light of this Court’s granting of the Exception of No Cause of Action filed by defendants, Treasure Chest Casino and Edwin Carter in Case No. 553-545.
This appeal followed.

DISCUSSION

Plaintiff argues that the trial court erroneously granted defendants’ exception of no cause of action. The purpose of an exception of no cause of action is to Rdetermine the sufficiency in law of the petition. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 241. It questions whether the petition sufficiently alleges grievances for which the law affords a remedy. Lewis v. Aluminum Co. of America, 588 So.2d 167, 169 (La.App. 4 Cir.1991), writ denied, 592 So.2d 411 (La.1992). The reviewing court is to make a de novo determination because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. Id. When reviewing the exception, the well-pleaded facts of the petition are accepted as true. Id. Thus, assuming that all the facts in plaintiff’s petition are true, this Court must determine if the plaintiff has a cause of action.
To determine whether a plaintiff may recover damages under La. Civ.Code art. 2315, courts traditionally employ a duty-risk analysis, which requires affirmative answers to the following questions:
1) Was the conduct in question a cause-in-fact of the resulting harm?
2) Did the defendant owe a duty to the plaintiff?
3) Was the duty breached?
4) Were the risk and the harm caused within the scope of protection afforded by the duty breached? Roberts v. Benoit, 605 So.2d 1032 (La.1991).
In this appeal, plaintiff again contends that once defendants detained Mr. Millet and prevented him from driving home, they assumed a duty to keep him safe until his wife reached the casino. Plaintiff further argues that by detaining him, defendants were aware that Mr. Millet was in a condition where he may harm himself or others, and that defendants negligently allowed him to do the very thing they were trying to prohibit.
We have not found, nor has appellant cited, any Louisiana statutes or jurisprudence which articulates the duty of a casino owner with respect to preventing *178 patrons from committing suicide or otherwise harming themselves. The |Blaw provides a general duty as to one of reasonable care on business owners to protect its patrons from injury, although business owners are not held to be insurers of their patrons’ safety. Butler v. K-Mart Corporation, 432 So.2d 968 (La.App. 4 Cir.1983); Toups v. Hawkins, 518 So.2d 1077, 1081 (La.App. 5 Cir.1987). There is no set rule for determining the scope of the duty owed. It is ultimately a question of policy as to whether the particular risk falls with the scope of the duty. Roberts v. Benoit, supra.
In order to prevail in this case, plaintiff had to prove that defendants’ duty to protect its patrons encompasses the risk that a patron might commit suicide. Plaintiff could not prove this theory in any petition for damages. The issue in this case is identical (including the same factual scenario) to that which this Court previously decided in Millet v. Treasure Chest Casino L.L.C., 00-1843 (La.App. 5 Cir. 5/30/01), 788 So.2d 713, writ denied, 01-1908 (La.10/5/01), 799 So.2d 485, whether defendants reasonably should have foreseen or anticipated the danger that Mr. Millet would kill himself by retrieving a gun out of his vehicle. We do not find that the incident giving rise to this petition was foreseeable by defendants. The factual allegations in the petition are the same as those previously reviewed by this Court. As such, plaintiff is still unable to show that the employees of the Treasure Chest knew, should have known, or could have known of Mr. Millet’s intention to commit suicide. Thus, we affirm the trial court’s judgment granting defendants’ exception of no cause of action.

CONCLUSION

Accordingly, for the reasons assigned herein, we conclude that plaintiff has failed to state a cause of action against these defendants. The judgment of the trial court is therefore affirmed.

AFFIRMED.